# Chardavoyne *v.* Lynch.

*Bill in Equity for Injunction against Sale of Lands, under Probate Decree, for Payment of Debts.*

1. *Conclusiveness of probate decree.*—A decree rendered by the Probate Court on the petition of an administrator, ordering a sale of lands for the payment of debts, is conclusive as to the debts due, and as to the insufficiency of the personal assets; and these issues can not be again litigated in a court of equity, under a bill to enjoin the sale.

2. *Same; as to infants.*—When infants are properly represented by a guardian *ad litem*, in proceedings had in the Probate Court, the decree rendered is as conclusive on them as on adults.

APPEAL from the Chancery Court of Lawrence.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 23d November, 1885, by W. B. Chardavoyne, as the next friend and guardian of James H. Ballentine and others, "minor heirs of Mary E. Ballentine, deceased," against Darius Lynch, as the administrator *de bonis non* of the estate of Edgar M. Swoope, deceased, S. D. Cabaniss, F. P. Ward, and John Phelan; and sought, principally, to enjoin further proceedings by said Lynch under orders for the sale of the lands belonging to the estate, which the Probate Court had granted on his petition as administrator. The orders for the sale of the lands, copies of which were made exhibits to the bill, were granted—one on the 24th November, 1884; the other on the 28th October, 1885—on the ground that the personal property belonging to the estate was not sufficient to pay the debts; and each of them recites that the minor heirs and distributees were represented by a guardian *ad litem*, who contested the application, and that proof was taken by deposition as in chancery cases; but neither of the petitions filed by the administrator is set out in the record. The bill denied the necessity for a sale of the lands, alleging that the personal assets were more than sufficient to pay the debts of the estate; and it alleged that the debts of Cabaniss & Ward and Phelan, respectively, were not valid claims against the estate. The debt of Cabaniss & Ward, for $500, on account of services rendered to the estate, had been reduced to judgment against said Lynch as administrator, a copy of which judgment was made an exhibit to the bill; and the claim of Phelan, about $1,200, was for costs due

[Chardavoyne v. Lynch.]

him as register in chancery, in cases in which Swoope's estate was a party in interest. The bill was amended, after demurrer and answer filed, by making the infants complainants, suing by Chardavoyne as their next friend; and by striking out the names of Cabaniss & Ward and Phelan as defendants. The chancellor sustained a demurrer to the bill, and dismissed it for want of equity, holding that the probate decree was conclusive as to the matters sought to be litigated; and his decree is now assigned as error.

E. H. FOSTER, for the appellants, cited 2 Story's Equity, § 1337; *Lee v. Lee*, 55 Ala. 590; *Teague v. Russell*, 2 Stew. 420; *Bynum v. Sledge*, 1 Stew. & P. 135; *Greenlee v. Gaines*, 13 Ala. 198; *Lyon v. Hays*, 30 Ala. 430; *Gould v. Hayes*, 19 Ala. 438; *Moore v. Leseuer*, 33 Ala. 237; *Park v. Park*, 36 Ala. 132.

W. P. CHITWOOD, *contra*, cited *Ford v. Ford*, 68 Ala. 141; *Wright v. Ware*, 50 Ala. 549; *Waring v. Lewis*, 53 Ala. 615.

SOMERVILLE, J.—The proceedings in the Probate Court being in due and regular form, the judgment of that tribunal, granting the order of sale of the lands, was conclusive of all issues involved—including as well the fact that debts were due by the estate of Swoope, as that of the insufficiency of personal property to pay such debts. The questions sought to be raised, therefore, in this cause, are *res adjudicatæ*, and can not be re-litigated in a court of chancery. The complainants being represented in the Probate Court by a guardian *ad litem*, although minors, were bound by the judgment as fully as if they had been adults.—*Ford v. Ford*, 68 Ala. 141; *Waring v. Lewis*, 53 Ala. 613.

If the Probate Court erred in deciding that the claims held by Cabaniss & Ward, and Phelan, were debts of the decedent, for the payment of which the lands could be properly sold, this error would not render the judgment void, but voidable only. The remedy by appeal was complete and adequate. Other questions need not be considered.

The decree dismissing the bill is, for the foregoing reasons, affirmed.