# Penny v. Jackson.

*Bill in Equity by Child, to enforce Constructive Trust in Homestead Lands against Widow as Purchaser.*

1. *Constructive trust; on what ground enforced.*—A trustee is required to act, in all matters pertaining to the trust, with the utmost good faith, and solely for the benefit of the beneficiaries, and is not allowed to gain, directly or indirectly, any advantage to himself, at their expense; yet a court of equity will only raise a constructive trust against him when he has been guilty of some act which is in violation of his fiduciary duties—some act which a court of equity deems fraudulent.

2. *Purchase by executor or administrator at his own sale.*—The principle has been long settled in this State, that an executor or administrator may become the purchaser at his own sale, when he has an interest in the property sold, if the sale is made in the ordinary mode, and there is no unfairness whatever; and the principle extends to a purchase at a sale made under a decree in chancery, on a bill filed by himself.

3. *Conclusiveness of chancery decree on infants.*—When infant defendants are represented in a chancery suit by a guardian *ad litem* duly appointed, the decree rendered is as binding and conclusive on them as on adults.

4. *Allegations of fraud; demurrer as admission.*—An allegation of fraud in general terms, not stating any particular facts, is not sufficient, and a demurrer to it is not an admission of fraud; as, where the bill, seeking to enforce a constructive trust in homestead lands bought by the widow at a sale made under a decree in her own favor, alleges that the proceedings in that suit "were not had for the purpose of collecting her claims against the estate, but for the purpose of bringing about a sacrifice of the homestead for her benefit, and to defraud complainants of their interest in it, by imposition on the court and fraudulent abuse of its process."

APPEAL from the Chancery Court of Madison.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 5th February, 1887, by Mrs. Sallie S. Penny and her husband, against Mrs. Fannie P. Jackson and her husband, and Annie D. Schoenberger, an infant residing with Mrs. Jackson; and sought to enforce a constructive trust, in favor of Mrs. Penny and said infant, in certain homestead lands, which had been sold under a decree in chancery in favor of Mrs. Jackson, then the widow of George Schoenberger, deceased, and bought by her at the register's sale; also, to hold her accountable for rents and profits, and to have the land sold for division. The tract of land, which constituted the homestead of said

George Schoenberger at the time of his death in April, 1878, consisted of three small parcels, containing respectively ten, seven, and three and a half acres. Said Schoenberger left, surviving him, his widow (now Mrs. Jackson), and two infant daughters, Sallie S. (now Mrs. Penny) and Annie D. By his last will and testament, which was duly admitted to probate after his death, he devised and bequeathed his entire estate, real and personal, to his widow and two children, for their joint support and maintenance during the life of the widow, and on her death to be divided between the children. The widow was appointed executrix of the will, and guardian of the children, and she duly qualified as executrix. The personal property of the estate was appraised at $1,008.50, of which $1,000 worth was selected and set apart to the widow and children as exempt from administration. On the 1st March, 1879, the widow, as executrix, filed a bill in said Chancery Court, asking a judicial construction of the will, and the administration of the estate under the direction of the court; and also seeking to establish a resulting trust in the homestead lands, on account of moneys belonging to her statutory estate, to the amount of $750, alleged to have been used by her husband in paying off a mortgage on them. The children were made defendants to the bill, and a guardian *ad litem* was appointed for them. On the 14th August, 1879, a decree was rendered in the cause, assuming jurisdiction of the estate, construing the will, and ordering a reference to the register of the matters of account. At the January term, 1880, the register reported, that the indebtedness of the estate was $5,402, the value of the real estate $3,600, of the personal estate $1,008.50, and of the homestead $2,000; that the homestead was incumbered with a lien in favor of the widow for $750, with interest from January 1st, 1872; and that a petition had been filed by the widow for an exemption of homestead and personal property. At the same term, but on a subsequent day, a petition was filed in the cause in the names of the widow and the guardian *ad litem* of the infants, claiming an exemption of the homestead. At the ensuing July term, 1880, the cause was submitted for decree; and on the 25th September, in vacation, the chancellor rendered a decree, confirming the register's report, declaring a resulting trust in favor of the widow, for $896 (principal and interest), on the two largest parcels of the homestead land, with another small parcel containing seven acres, and ordering a sale of said lands in satisfaction of said

trust. Under this decree, the lands were sold by the register on the 2d May, 1881; the widow becoming the purchaser, at the amount of the decree in her favor, and receiving a conveyance from the register.

The facts above stated appear only from the allegations of the bill in the present case, and a copy of the proceedings in the former suit is not made an exhibit. The bill contained these additional allegations: "On July 16th, 1881, said Fannie P., as executrix, obtained a decree of this court for the sale of the balance of the real estate belonging to the estate of said testator; and at a sale thereof by her, on October 3, 1881, she became the purchaser of said 3.50-acre parcel of the homestead, at the price of $20, when it was worth $500. Said petition for exemption, and the decree of September 25th, 1880, were prepared by the attorneys or solicitors of said Fannie P. . . Complainants aver, that said proceedings were not had for the purpose of collecting the debt or claim of said Fannie P. against the estate of said testator, but for the purpose of bringing about a sacrifice of said homestead for her benefit, and to defraud said Sallie S. and Annie D. of their interest in it, by imposition on the court and fraudulent abuse of its process." The prayer of the bill was in these words: "That said Fannie P. may be declared a trustee of said homestead for herself, said Sallie S., and Annie D., in equal interests, and held to account for the rents and profits thereof, subject to the said lien in her favor, with interest thereon; that said homestead may be sold under the decree of this court; so much of the proceeds of sale thereof as may be necessary applied in satisfaction of said lien, after crediting same by the value of the rents and profits of said homestead, and the balance divided equally among said Fannie P., Sallie S., and Annie D.; that said Fannie P. may be required to account to complainants for one third of said exemption of personal property; and for such other and further relief as the nature of their case may require."

The chancellor sustained a demurrer to the bill, for want of equity, and his decree is now assigned as error.

CABANISS & WARD, and D. D. SHELBY, for appellant, cited *Ray's Adm'r v. Womble*, 56 Ala. 32; *Byers v. Surget*, 19 How. U. S. 303; *Struve v. Childs*, 63 Ala. 473; *Owen v. Childs*, 58 Ala. 113; *Van Epps v. Van Epps*, 9 Paige, 237.

HUMES, WALKER, SHEFFEY & GORDON, *contra*, cited *Gordon's Adm'r v. Ross*, 63 Ala. 363; *Waring v. Lewis*, 53 Ala. 615; *Chardavoyne v. Lynch*, 82 Ala. 376; Kerr on Fraud & Mistake, 365; *Hazard v. Griswold*, 21 Fed. Rep. 178; *James v. James*, 55 Ala. 526; Story's Eq. Pl., § 251.

CLOPTON, J.—We do not construe the bill as seeking to impeach and set aside for fraud the decrees rendered in the chancery suit brought by the appellee, Fannie D. Jackson, as executrix of the will of George Schoenberger; nor as seeking to vacate the sale made under the decrees.    The manifest purpose of the bill is to raise a constructive trust, on the ground that Mrs. Jackson purchased the real estate in her character of executrix, and for the benefit of the estate of the testator.    Its equity is rested on the general doctrine, that a party who is charged with a duty in regard to property, which is inconsistent with the character of a purchaser for his own use, will not be permitted to purchase an interest in the property, and hold it for his individual advantage.    The special prayer of the bill is, that Mrs. Jackson may be declared a trustee of the homestead for all the devisees to whom it was devised by the will, subject to the amount for which a resulting trust was decreed in her favor.

It is unquestionable, that a trustee is required to act, in all matters pertaining to the trust, with the utmost good faith, and solely for the benefit of the beneficiary; and he will not be allowed to deal with the subject of the trust, so as to gain, directly, or indirectly, any advantage to himself.    An advantage so gained will be construed as enuring to the benefit of the *cestui que trust.*    Courts of equity will raise a constructive trust out of the fiduciary relation, when by virtue thereof the trustee acquires title to the property, under such circumstances that he should not in equity and good conscience hold and enjoy the beneficial interest thereof.    The efficient administration of justice between the parties is the purpose of impressing the trust, and fraud, actual or constructive, as considered in equity, is an essential element.    The existence of a fiduciary relation is not of itself sufficient.    There must be an act or transaction in violation of some duty owed to another, whose beneficial ownership is thereby offended— some use of the fiduciary functions to obtain an advantage inconsistent with the obligations of his position, which equity stamps as constructive fraud.    Says Mr. Pomeroy: "An exhaustive analysis would show, I think, that all instances

[Penny v. Jackson.]

of constructive trusts, so called, may be referred to what equity denominates fraud, either actual or constructive, as an essential element, and as their final source."—2 Pom. Eq. Jur., §§ 10, 44; Perry on Trusts, § 166.

Mrs. Jackson as executrix, in March, 1879, filed a bill in the Chancery Court of Madison county, for a construction of the will of the testator, the removal of the administration from the Probate Court, the administration of the estate in the Chancery Court, and for the enforcement in her favor of a resulting trust to the extent the money of her statutory separate estate had been used in discharging an incumbrance on the homestead by her testator, who was her husband and trustee. The court rendered a decree construing the will, and ordering a reference to the register to ascertain and report the amount of the indebtedness of the testator, the value of his real and personal property, and the extent of the incumbrances thereon. After the coming in of the report, a decree was made, in September, 1880, declaring a resulting trust in favor of the executrix as to a portion of the homestead, and ordering it sold in satisfaction thereof. In May following, such portion of the homestead was sold under the decree by the register, and purchased by Mrs. Jackson, to whom he subsequently made a conveyance. The complainant Mrs. Penny, and Annie D. Schoenberger, a defendant in the present bill, who are devisees under the will, were made parties to the former suit, and a guardian *ad litem* was appointed for them.

The decrees in the former suit, though rendered against infant defendants, are as binding and conclusive as if they were adults, and can only be impeached upon grounds available to adult parties. They were represented by a guardian *ad litem*, who made defense under the supervision and protective care of the court, and could not have been permitted to impair or surrender any of their rights by his *misfeasance* or *non-feasance*. The presumption is that the court did its duty, and took care that the guardian *ad litem* observed his. *Waring v. Lewis*, 53 Ala. 615; *Chardavoyne v. Lynch*, 82 Ala. 376. The fact that Mrs. Jackson was executrix, did not deprive her of the right to purchase the property, nor render her purchase voidable. At an early day the principle was settled, that a personal representative may purchase property at a sale made by himself under an order of the Probate Court, if he has an interest in the property; and that such purchase will be sustained, if the sale is made in the

ordinary mode, and there is an absence of all unfairness. *Brannan v. Oliver*, 2 Stew. 47. As respects executors and administrators, this rule has never been departed from.

In *Harrison v. Mock*, 10 Ala. 185, the trustee, who had caused a sale of part of the trust property under execution for his own benefit, and became himself the purchaser, was considered as having purchased in his capacity as trustee for the benefit of those concerned in the trust. But the conclusion is based on the grounds, that the deed of trust provided for the payment of all the creditors ratably, and that by accepting the trust the trustee waived his lien, and consented that his own debt should be thus apportioned. In the former suit, the Chancery Court had jurisdiction of the subject-matter and the parties; the proceedings appear to be regular; the sales were made by the register, and not by the executrix, in the ordinary mode, and under such circumstances as to command the highest price. So far as appears from the proceedings, Mrs. Jackson did no act by directing or interfering with the sale, or otherwise, which was in violation of her duty as executrix, and did not use her relation or functions, as such, to gain any advantage to herself. She had the right to purchase for her own use and benefit, and her purchase will be sustained in the absence of fraud, either actual or constructive. The bill contains the general allegation, that the proceedings in the suit were "not had for the purpose of collecting her claim against the estate of the testator, but for the purpose of bringing about a sacrifice of the homestead for her benefit, and to defraud the other devisees of their interest in it, by imposition on the court and fraudulent abuse of its process." An allegation of fraud in general terms, without stating the facts constituting it, is insufficient, and a demurrer to such bill is not a confession of the fraud.—*Flewellen v. Crane*, 58 Ala. 628. No act of imposition on the court, or of abuse of its process, is averred. It is not charged that Mrs. Jackson did anything, which she had not a right to do, and which she did not do in a regular and legal manner.

On the averments of the bill, she can not be considered as having purchased the land sold in May, 1881, in her character of executrix, and for the benefit of the estate. As to the land sold in October, 1881, the allegations of the bill are too general and indefinite to justify us in an expression of opinion. If the decree of sale of July, 1881, was obtained by her without a necessity of sale, the property sold there-

[Roswald & Stoll v. Hobbie & Teague.]

under by her, or by her direction, and purchased at a grossly inadequate price, it may be that she should be considered as having purchased it for the benefit of the estate.

Affirmed.