# McDonnell & Co. *et al. v.* Finch.

|131  85|
|132 625|

*Bill in Equity to have Attachment declared Fraudulent.*

1. *Equity pleading; when amendment no departure from original case; fraudulent attachment.*—Where the facts alleged in a bill of equity make out a clear case to have writs of attachment declared fraudulent and void, but by the conclusions of the pleader it is averred that such attachments operated as a general assignment of the debtor's property, and there is a special prayer based upon such conclusions, asking that they be declared a general assignment, an amendment to such bill by striking out the averments of the conclusions that the attachments operated as a general assignment, and the special prayer asking that they be so declared, and inserting in lieu thereof the averment that the suing out and levying of the writs of attachment were for the purpose of hindering, delaying and defrauding the creditors of the defendant in attachment, and are fraudulent and void, and praying that they be so declared, does not constitute a departure from the cause of action stated in the original bill, and such amendment should be allowed; the relief prayed for under the amendment being such as could have been granted under the general prayer to the bill as originally framed.

APPEAL from the Chancery Court of Conecuh.

Heard before the Hon. WILLIAM L. PARKS.

The bill of complaint in this cause was filed on the 8th day of March, 1898, by numerous creditors of Lewis Finch, who was then lately engaged in the mercantile business at Evergreen, Alabama, and alleged among

other things, that on the 28th day of January, 1898, while their respective demands against him were existing, and while indebted to various other parties, aggregating in all about $12,000 or $15,000, and while utterly insolvent, attachments were sued out against his estate by the Bank of Evergreen and C. P. Deming on the alleged demands of $2,600 and $1,000, respectively, and levied upon all of his property and effects, and that the sheriff of Conecuh county, acting under said writs of attachment, was then in possession of said stock.

The bill alleges that the said Finch did his banking business with the said Bank of Evergreen, and had borrowed some money from it, the amount of which was unknown to complainants, and that the said Finch had, prior to the time of the suing out of the said attachments, transferred and assigned to said bank as collteral security for his alleged indebtedness for which said attachment was afterwards sued out, a large amount of notes, mortgages, and accounts, of the value of, to-wit, three thousand dollars, which the bank then held, and that the value of said collaterals was then more than sufficient to pay the indebtedness of the said Finch to the said bank; that said Deming was, at the time of the suing out of the attachment, and for a long while prior thereto, and still was, an intimate personal and confidential friend of the said Finch, their places of business adjoining, the said Finch being the tenant of the said Deming, and said Deming was well acquainted with the financial business and affairs of the said Finch.

It was further averred in the bill that on or about the 28th day of January, 1898, the said Finch became aware of his inability to further continue his said business, and it then became his purpose and design to prefer and protect the said Bank of Evergreen and the said Deming in the collection of their said demands, to the exclusion of his other creditors; that the writs of attachment in favor of the said bank and of the said Deming were sued out "by and with the knowledge and consent of the said Lewis Finch, and were in fact procured by him to be so sued out and levied, and that the

suing out and levying of said writs, respectively, was in truth and in fact, the result of an agreement, arrangement, or understanding, express or implied, by and between the said Lewis Finch and the said bank, and the said Finch and the said Deming, that they should be so sued out and levied as aforesaid; and that the purpose of the suing out of the said writ by the said bank was in order that the entire property and effects of the said Finch might be placed beyond the reach of his other creditors; that it might be thereafter purchased by and for him, the said Finch, or for his benefit, or the proceeds thereof used by or for him in again establishing him in business, and that he might thereby ultimately acquire the possession and control thereof."

Paragraph 7 alleges that the effect of the suing out of the attachment by the said bank operated as a general assignment of all the property and effects of the said Finch, enuring to the equal benefit of complainants and all other creditors.

Complainants then prayed, among other things, that the effect of the suing out of said attachment by the said bank be declared to operate as a general assignment of all the property and effects of the said Finch, enuring to the equal benefit of complainants and all others of his creditors; and "that if your orators shall have mistaken the relief to which they are, or may show themselves, entitled, they pray for such other and further relief to which they may be entitled."

Respondents moved to dismiss this bill for want of equity, which motion was, on July 14, 1898, overruled and denied, and respondents were required to answer.

Thereafter, on January 5, 1900, complainants filed, and asked to be allowed, an amendment to their original bill, in which they asked, among other things, not necessary to be here mentioned, that portion of the seventh paragraph of the original bill wherein it was alleged that the suing out of said attachments operated as a general assignment, be stricken out, and inserting in lieu thereof, the following: "That the suing out and levying of said writs of attachment, respectively, was done for the purpose of hindering, delaying and defrauding your orators, and that the said attachments and the proceedings had thereunder, are fraudulent and void as

to your orators." And by striking out of the prayer of said original bill that portion seeking to declare the effect of the suing out of the said attachments a general assignment and inserting in lieu thereof that the suing out of said attachments "be declared fraudulent, null and void as to your orators."

The respondents filed objection to the allowance of the amendment, upon the ground that it was an entire departure from the cause of action set up in the original bill. Subsequently the cause was submitted on the motion of the plaintiffs to amend their bill, the objection of the defendants to the amendment and on the motion of the defendants to dismiss the bill for the want of equity. The chancellor sustained the objection of the defendants to the amendment and refused to allow the amendment to be made, and sustained the motion to dismiss the bill for want of equity, and ordered it dismissed. From this decree the plaintiffs appeal, and assign the rendition thereof as error.

LOMAX, CRUM & WEIL, STALLWORTH & BURNETT, JAS. STALLWORTH, and G. R. FARNHAM, for appellants.—The amendment simply, in effect, sought to strike out that portion of the prayer asking that a general assignment be declared, and praying in lieu thereof that the transaction be declared a fraud in accordance with the case made by the bill, and is in no sense inconsistent therewith.—*Steiner v. Parker,* 108 Ala. 357; *Rice v. Eiseman,* 122 Ala. 343; *Berney Nat. Bank v. Guyon,* 111 Ala. 491.

The said amendment should have been allowed, and it was error for the court to refuse its allowance. *Strickland v. Gay,* 104 Ala. 378; *Berney Nat. Bank v. Guyon,* 111 Ala. 491.

D. M. POWELL, *contra.*—The motion was made and the decree was rendered in open court and the complainants, if an amendment was proper, should have offered it while the court was open. They cannot now complain and ask to be allowed to avail themselves of an opportunity which they should have taken advantage of in the court below.—*Munchus v. Harris,* 69 Ala. 506; *Buford*

*v. Ward,* 108 Ala. 307; *Mortgage Co. v. Dykes,* 111 Ala. 178.

The bill having been filed to declare the attachments a general assignment, and the special prayer for relief being to that effect, no relief can be obtained under the prayer for general relief which would be inconsistent with the special prayer, and no amendment can be allowed which would be inconsistent with the relief especially prayed for in the original bill.—*City of Eufaula v. McNab,* 67 Ala. 588; *Micou v. Ashurst,* 55 Ala. 607.

TYSON, J.—Leaving out of view all conclusions of the pleader, and confining our consideration to the facts alleged in the bill, a clear case is made to have the writs of attachments declared fraudulent.—*First Nat. Bank v. Acme White Lead & Color Co.,* 123 Ala. 344, and cases cited. Indeed, it is the only relief that could be granted upon proof of the facts averred. Clearly no case is made by it to have the attachments declared a general assignment. As a bill for that purpose with the conclusions of the pleader in or out of it and the special prayer in or eliminated, it would be without equity.—*Builders & Painters Supply Co. v. Lucas & Co.,* 119 Ala. 202.

If upon the facts alleged the bill is without equity, the conclusions of the pleader predicated upon those facts, whether in the charging part of the bill or in the special prayer or in both cannot import equity into it. And the converse of the proposition is equally true, if upon the facts alleged the bill has equity, conclusions of the pleader and the special prayer will not destroy that equity. The real character of a suit in equity is to be determined from a consideration of the matters of substance embodied in the pleadings.—*Ex parte Smith,* 34 Ala. 455; *Sayre v. Elyton Land Co.,* 73 Ala. 86. In cases of the character of the one under consideration, the facts upon which the relief sought depends, and not the conclusion of the pleader, constitute the substance of the bill and must control in determining its equity. *Strickland v. Gay, Hardie & Co.,* 104 Ala. 375. This principle has often been applied by this court in analogous cases which involved the question under consideration. It has been uniformly held, in consonance

with this principle, that a mere general averment, without a statement of the facts, is insufficient upon which to pronounce judgment. And that a demurrer to such a bill confesses only the matters of fact which are well pleaded and not the conclusions of law or fact averred. *Flewellen v. Crane*, 58 Ala. 627; *Pickett v. Pipkin*, 64 Ala. 520; *Penny v. Jackson*, 85 Ala. 67; *Jones v. Massey*, 79 Ala. 370; *Chamberlain v. Dorrance*, 69 Ala. 40.

The bill under consideration is strikingly similar in' averments and special prayer to the one passed upon by this court in *Steiner & Lobman v. Parker & Co.*, 108 Ala. 357, in which the general averments or conclusions and the special prayer were disregarded and effect was given to the facts alleged in conjunction with the general prayer for relief. And the decision in that case is conclusive of the questions raised in this.

It has never been supposed that a special prayer could be made the basis for relief inconsistent with the facts stated in a bill, or could impair its equity. Under it the court could only grant such relief as the cases stated will justify. If no case is made, no relief could be granted —and if a case is stated which is inconsistent with the special prayer, relief may be granted under the general prayer, but' not under the special prayer.—*Bailey v. Burton*. 8 Wend. 339. For "a complainant can have no greater relief than the facts alleged in his bill warrant."—*First Nat. Bank v. Acme White Lead & Color Co., supra; May v. Lewis*, 22 Ala. 646; *Betts v. Gunn*, 31 Ala. 219; *Munford v. Pearce*, 70 Ala. 452; *Rice v. Eiseman Bros.*, 122 Ala. 343.

The learned chancellor in refusing to allow the amendments proposed by the complainant proceeded upon the theory that the purpose of the bill was that of declaring the attachment proceedings a general assignment, and that, therefore, the amendments offered were a departure; a conclusion reached by him, doubtless, upon consideration of the general averments and special prayer, ignoring the facts alleged and the general prayer. Perhaps it was upon this theory that he dismissed the bill for want of equity.

The decree dismissing the bill will be reversed and the cause will be remanded in order that the bill may be amended, if the complainants so desire, in conformity with the views we have expressed.

Reversed and remanded.