NATHANIEL McCLINTON AND MARY McCLINTON, *Appellants,* v. GEORGE H. CHAPIN AND MARY AGNES CHAPIN, *Appellees.*

1. It is incumbent upon a complainant to allege in his bill every fact, clearly and definitely, that is necessary to entitle him to relief; and if he omits essential facts therefrom, or states such facts therein as show that he is not entitled to relief in a court of equity, he must suffer the consequences of his so doing.

2. A bill in equity must state facts and not opinions or legal conclusions, and where fraud is relied upon the allegations or charges must be specific. In passing upon a demurrer to a bill every presumption is against the bill.

3.  While a demurrer to the whole bill operates as an admission that all the allegations in the bill which are *well pleaded* are true, it is only such allegations so pleaded that are admitted by the demurrer. An allegation of fraud in general terms, without stating the facts constituting it, is insufficient, and a demurrer to the bill is not a confession of the fraud.

This case was decided by Division A.

Appeal from the Circuit Court for St. Johns county.

The facts in the case are stated in the opinion of the court.

*Baker & Baker* and *Hudson & Boggs,* for appellants:

*W. W. Dewhurst,* for appellees.

SHACKLEFORD, C. J.—On the 4th day of October, 1905, the appellants filed their bill in chancery in the circuit court for St. Johns county against the appellees, which, omitting the purely formal parts, is as follows:

"Your orators, Nathaniel McClinton and Mary McClinton, of Jensen in St. Lucie county, Florida, bring this their suit against George H. Chapin and Mary Agnes Chapin, his wife, of Boston in the state of Massachusetts, and thereupon your orators complain and say:

On or about the first day of April, 1904, the defendant George H. Chapin entered into negotiations with your orator Nathaniel McClinton, for the sale to your orator by said defendant, of the following described land, lying in St. Johns county in the state of Florida:

Lot six (6) of section six (6) of township eight (8) south of range thirty (30) east acording to the public surveys containing forty acres more or less; being the same lands described in deeds recorded in the deed books

'XX' p. 518 and 'No.1' p. 188, St. Johns county public records.

Whereupon your said orator requested and demanded of said defendant an abstract of title to said land, and said defendant promised and agreed to furnish your orator with such abstract, but notwithstanding said promise the said defendant fraudulently failed, neglected and refused to furnish to your said orator an abstract of title as promised; but said defendant did falsely and fraudulently represent to your orator that he, the said defendant, had a good and marketable title to said land and that the same was free of encumbrances, and that he, the said defendant, was then and there lawfully seized in fee simple of a good, absolute and indefeasible estate of inheritance of and in all and singular the above described premises with the appurtenance thereto, and that he had good right, full power and lawful authority to grant, bargain, sell and convey the same. And by such representations so made by said defendant, your orator was deceived and was induced to purchase the land hereinbefore described, and did purchase the same for a sum of fourteen hundred ($1,400) dollars and of said amount your orator paid to the said George H. Chapin the sum of five hundred ($500) dollars and promised to pay the further sum of nine hundred ($900) dollars as hereinafter more fully set out.

Thereupon the defendant, George H. Chapin and Mary Agnes Chapin, did on the 13th day of April, 1904, execute and deliver to your orator, Nathaniel McClinton, a warranty deed purporting to convey to your said orator the land hereinabove described. Said deed is now of record in St. Johns county, Florida, in book of deeds No. 7 on page 273. In and by said deed the said George H. Chapin did enter into a covenant with your said orator in the words and figures following, to-wit:

"And the said party of the first part said George H. Chapin for himself and for his heirs, executors and administrators, does covenant, promise and agree to and with said party of the second part his heirs and assigns, that the said party of the first part at the time of the sealing and delivery of these presents is lawfully seized in fee simple of a good, absolute and indefeasible estate of inheritance, of and in, all and singular the above granted, bargained and described premises, with the appurtenances,. and has good right, full power, and lawful authority to grant, bargain, sell and convey the same in manner and form aforesaid. And that the said party of the second part, his heirs and assigns, shall and may at all times hereafter, peacefully and quietly have, hold, use, occupy, possess and enjoy the above granted premises, and every part and parcel thereof, with the appurtenances, without any let, suit, trouble, molestation, eviction or disturbance of the said party of the first part : his heirs or assigns, or of any other person or persons lawfully claiming or to claim the same. And that the same are now free, clear, discharged and unincumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and incumbrances of what nature and kind soever.

And on the said 13th day of April, 1904, your orator executed and delivered to defendant George H. Chapin, their note for the sum of nine hundred ($900) dollars, the balance of the purchase money due as above set forth, which sum was payable as follows: Three hundred ($300) dollars on the 13th day of April, 1905, three hundred ($300) dollars on the 13th day of April, 1906, and three hundred ($300) dollars on the 13th day of April, 1907; with interest at the rate of three per cent. per annum from date until paid. To secure the payment of said note your orators did then and there by

mortgage deed now of record in St. Johns county, Florida, in mortgage record 'O' at page 14, convey to said George H. Chapin all the lands hereinbefore described.

Your said orator would further show unto your honor that before the 13th day of April, 1905, he again demanded of said defendant George H. Chapin, an abstract of title to the said land, but the said Chapin neglected and refused to furnish the same. Thereupon your said orator procured such abstract at his own expense and paid therefor the sum of twenty-five ($25) dollars.

Your orator would further show unto your honor that on the said 13th day of April, 1904, the said defendant George H. Chapin had not, and that he has not now a good or marketable title to said land, and that he was not lawfully seized in fee simple of a good absolute and indefeasible estate of inheritance of, in and to all and singular the lands hereinbefore described; and that he had not a good right to convey the same. But your orators would show unto your honor that the title to the south half ($\frac{1}{2}$) of said lot six (6) and the south half ($\frac{1}{2}$) of the north half ($\frac{1}{2}$) thereof and an undivided half ($\frac{1}{2}$) interest in the north half ($\frac{1}{2}$) of the north half ($\frac{1}{2}$) thereof, was on the 29th day of April, 1892, in one E. C. Terry and that on said 29th day of April, in a case pending in the circuit court in and for St. Johns county, wherein the First National Bank of Florida was plaintiff and the said E. C. Terry was defendant, a judgment was rendered against the said Terry and in favor of the said First National Bank of Florida for the sum of one thousand three hundred forty-five dollars thirty-three cents ($1,345.33) damages and seventeen dollars thirty-eight cents ($17.38) as costs, and said judgment is now of record in said county and is an existing and valid lien against the lands last above mentioned.

Your orators would further show unto your honor that all of the buildings and the greater part of all of the improvements on the tract of land hereinbefore described are located on the north half (½) of the north (½) of said lot six (6) and that said north half (½) of the north half (½) of said lot six (6) is of greater value than all of the remainder of said tract.

Your orators would further show unto your honor that at a tax sale held on the first day of August, 1898, the collector of taxes in and for St. Johns county, Florida, did sell all of said land for the taxes of the year 1897, as is evidenced by tax certificates Nos. 285, 286, 287 and 288 now of record in said county in book No. 1 at page 207. And on the second day of July, 1900, the tax collector in and for St. Johns county, Florida, at a tax sale then and there held, did sell for the taxes of the year 1899, a part of said land described as follows, to-wit: The south half (½) of lot six (6) of section six (6) township eight (8) south of range thirty (30) east, as is evidenced by the tax certificates Nos. 280 and 281, now of record in said county in book No. 1 at page 249. No part of the said lands has been redeemed from any of said tax sales.

Your orators would further show unto your honor that your orator, Nathaniel McClinton, when he purchased said property, believed that he was securing a good and marketable title to same·and to each and every parcel thereof, and that he would not have purchased less than the entire tract, and that a part of the consideration which induced him to consummate the purchase of said land was the undertaking of the defendant, George H. Chapin, to convey to him a good and marketable title to each and every portion of said land, and if his title to any portion of said land is not good and

marketable, there has been a failure of the consideration which induced him to make said purchase.

Your orators are therefore without adequate remedy in the premises save in a court of equity.

Wherefore, your orators pray, that the defendants, George H. Chapin and Mary Agnes Chapin, made parties defendant to this bill, may be required to make direct answer to the same, but not under oath, answer under oath being hereby waived, that the promissory note and mortgage deed executed by your orators on the 13th day of April, 1904, as hereinbefore described, be set aside, declared null and void, and ordered brought into court and cancelled. And that the defendants, their agents and employes be perpetually enjoined and restrained from collecting or attempting to collect said promissory note.

Your orators aver that they stand ready to convey to the defendants the lands hereinbefore described and to perform any and all orders of this court in the premises.

Your orators further pray that an account may be taken of what is due your orators from said defendants for the purchase money paid by your orators to said defendants as hereinbefore set out, and for interest, damages and costs, including expenses incurred by your orators by reason of defendants' default in the premises, and that a special master be appointed for that purpose; and that defendants, George H. Chapin and Mary Agnes Chapin be decreed to pay to your orators such amount decreed against the lands hereinbefore described; and that said lands be sold under decree of court to satisfy your orators claims as above set forth together with a reasonable solicitors' fee; and that your orators may have such other and further relief in the premises as

may be agreeable to equity and to your honor may seem meet."

Service was obtained upon the defendants by publication, and on the 2nd day of December, 1905, they interposed a demurrer to the bill on the ground that the "complainants have not in and by their said bill made or stated such a case as doth or ought to entitle them to any such relief as is therein sought and prayed from or against these defendants."

On the 27th day of July, 1906, the court made an order sustaining the demurrer, from which interlocutory decree an appeal was entered to the present term of this court.

The only asignment of error presented to us for consideration is that the court erred in sustaining the demurrer.

It is well settled here that it is incumbent upon a complainant to allege in his bill every fact, clearly and definitely, that is necessary to entitle him to relief; and that if he omits essential facts therefrom, or states such facts therein as show that he is not entitled to relief in a court of equity, he must suffer the consequences of his so doing. It is also well settled that in passing upon a demurrer to a bill every presumption is against the bill. Durham v. Edwards, 50 Fla. 495, 38 South. Rep. 926, and authorities therein cited; Godwin v. Phifer, 51 Fla. 441, 41 South. Rep. 597; Weeks v. J. C. Turner Lumber Co., 53 Fla. 793, 44 South. Rep. 173. The bill must state facts and not opinions or legal conclusions. Godwin v. Phifer, *supra,* where fraud is relied upon the allegations or charges must be specific. Howard v. Pensacola & Atlantic R. Co., 24 Fla. 560, 5 South. Rep. 356; Deans v. Wilcoxon, 25 Fla. 980, text 1051, 7 South. Rep. 163, 178, and authorities there cited,

especially President v. Groff, 14 Serg. & R. 181, 184; Pinney v. Pinney, 46 Fla. 559, 35 South. Rep. 95.

While it is true that a demurrer to the whole bill operates as an admission that all the allegations in the bill which are *well pleaded* are true, it is only such allegations so pleaded that are admitted by the demurrer. Lindsley v. McIver, 51 Fla. 463, 40 South. Rep. 619. "An allegation of fraud in general terms, without stating the facts constituting it, is insufficient, and a demurrer to the bill is not a confession of the fraud." Penny v. Jackson, 85 Ala. 67, 4 South. Rep. 720, and note at end of the case; McDonald v. Finch, 131 Ala. 85, 31 South. Rep. 594. Also see Tepoel v. Saunders County Nat. Bank, 24 Neb. 815, 40 N. W. Rep. 415; Southall v. Farish, 85 Va. 403, 7 S. E. Rep. 534.

As was well said in President v. Groff, *supra,* page 184, "In this case, it cannot but be observed, that there is no allegation of fraud. It is left to be inferred from the circumstances. Whenever a party relies upon fraud, it ought to be distinctly and positively alleged, upon the first principles of justice, that the person to be affected may have a full opportunity of meeting and disproving the charge."

Is not this language well applicable to the bill in the instant case? What acts of fraud are distinctly and specifically charged against the defendants therein? The mere charge that one of the defendants "promised and agreed" to furnish an abstract of the title to the property purchased, "but notwithstanding said promise the said defendant fraudulently failed, neglected and refused to furnish" such abstract, both before and after the purchase, is not sufficient. It seems to us that the fact of such failure and refusal in itself would have been calculated to put the complainants upon notice and inquiry and to cause them before consummating the pur-

chase either to insist upon the defendant furnishing
such abstract or to have had recourse to the public
records for themselves in order to ascertain the con-
dition of the title. However, instead of pursuing either
of these courses, the complainants saw fit to trust to
the representations of the defendant that he "had a good
and marketable title to said land, &c." We have ex-
amined the case of Wheeler v. Baars, 33 Fla. 696, 15
South. Rep. 584, cited and relied upon by the appellants,
but we fail to see its applicability to the allegations in
the bill in the instant case. The same may be said of
Watson v. Jones, 41 Fla. 241, 25 South. Rep. 678, also
cited by the appellants.

As was said in Van Weel v. Winston, 115 U. S.
228, 237, 6 Sup. Ct. Rep. 22, in speaking of a bill in
equity, "It is full of the words fraudulent and corrupt,
and general charges of conspiracy and violation of trust
obligations. Mere words, in and of themselves, and
even as qualifying adjectives of more specific charges,
are not sufficient grounds of equity jurisdiction, unless
the transactions to which they refer are such as in their
essential nature constitute a fraud or a breach of trust,
for which a court of chancery can give relief." Also
see St. Louis & S. F. Ry. Co. v. Johnson, 133 U. S.
566, 577, 10 Sup. Ct. Rep. 390; Ambler v. Choteau, 107
U. S. 586, 590, 1 Sup. Ct. Rep. 556.

It will also be observed that there is no allegation
in the bill to the effect that George H. Chapin, one of
the defendants, did not have sufficient property in this
state to make good the alleged covenants in his deed to
complainants or to satisfy any judgment at law which
they might recover against him. A most careful scrutiny
of the bill fails to disclose to us any *locus standi* in a
court of equity. Further discussion seems unnecessary.

The interlocutory order appealed from must be affirmed, and it is so ordered, at the cost of the appellants.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.