Lena Galin died testate on January 8, 1978. Her will was admitted to probate, and letters testamentary were granted her executrix, Katherine Johnson, on May 6, 1982, by the Probate Court of Cullman County, Alabama.
The beneficiaries under the will are her surviving children and the three children of one of her sons. Under the specific provisions of her will, Lena Galin granted her executrix broad discretionary powers to administer her estate. The will specifically provides:
 "None of the parties named as executrix or executors herein shall be required to make bond as such and none of them shall be required to make any settlement accounting or inventory in or out of Court as such executrix or executor."
The will also authorized and empowered the executrix to sell the estate property, real and personal, and to divide the proceeds among the beneficiaries of the will. She granted the executrix the power to make the appropriate deeds and conveyances and to sell the property for cash or credit. The will provided that the executrix could exercise the same "discretion as [testatrix] could do if living." It also provided that "[a]ny beneficiary hereund[er], including the executrix or executors is authorized and empowered to purchase from the executrix or executors."
Katherine Johnson sold three parcels of real estate included in the estate on January 7, 1983. A parcel consisting of fifty acres she sold to herself. Another parcel containing sixty acres was sold to her daughter, Amanda Williamson, and a third parcel containing some twenty acres was sold to her sister, Susie Smith, who is also a beneficiary under the will. The total sales price for the three parcels was $70,875.00
Following the sales, the executrix informed the grandchildren beneficiaries of the sales price and tendered them checks each in the amount of $3,791.00, equal to their pro rata share of the proceeds from the sales. The administration of the estate was removed from the Probate Court of Cullman County to the Circuit Court of Cullman County on the petition of Jerry Galin, one of the grandchildren beneficiaries. On April 20, 1983, he and the two other grandchildren beneficiaries filed suit against Amanda Williamson, Susie Smith, Fritz Galin, and Everett Galin, heirs and/or purchasers from the estate, and against Katherine Johnson individually and in her capacity as executrix of the estate.
In Count I of their complaint, the grandchildren allege that the sale of the land was illegal and improper and ask that the sales be set aside and that the land be sold at public auction. Count II of their complaint alleges that the executrix wasted and converted the estate and seeks her removal as executrix and an accounting of the assets of the estate.
In response to the complaint, Katherine Johnson, on May 23, 1983, filed a motion for a more definite statement and a motion to dismiss. On May 24, 1983, the remaining defendants also filed a motion to dismiss and a motion for a more definite statement. In each of their motions, the defendants *Page 362 
allege that the sales and purchases of the property complained of in the complaint were properly made under the authority and the power granted in the last will and testament of Lena Galin, and that it affirmatively appears in the allegations of the complaint and the accompanying exhibits that the sales and purchases of the estate lands were proper.
The hearing on the defendants' motions was held on June 2, 1983. At that time, Katherine Johnson submitted a brief in support of her motions. The trial court gave the plaintiffs two weeks to respond to Mrs. Johnson's brief and gave them leave to amend their complaint. Plaintiffs filed their brief on August 26, 1983. Subsequently, on January 3, 1984, the trial court dismissed the complaint and made the following findings:
 "The Last Will and Testament of Lena Galin provided for a sale of any of the subject property to any beneficiary under said Will, including the Executrix. There is no public policy, statutory, or case law, which prohibits such a Will provision and such provision will be given the intended effect. This authorization by the testator, by implication, authorizes a sale, either public or private, with or without notice. The limitations appear to be that the Executrix must use such discretion as a testator would use and with regard to the sales of the property in question, the sales should result in a `fair price' and be conducted and concluded in `good faith.' In light of these provisions of law, none of the allegations of the Complaint state a cause of action."
Under the trial court's order, the plaintiffs had twenty days in which to amend their complaint. They declined to amend and filed this appeal.
When reviewing the grant of a motion to dismiss, the proper test to be applied is "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Dempsey v. Denman,442 So.2d 63, 65 (Ala. 1983), quoting Conley v. Gibson,355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957). Upon consideration of such a motion, the allegations of the complaint are construed in a light most favorable to the complainant, with all doubts and allegations resolved in his favor. Weeks v. East Alabama Water, Sewer and Fire ProtectionDistrict, 401 So.2d 26 (Ala. 1981).
The intention of the testator is the law of the will, which should be considered as a whole, giving effect to each provision where possible. It is the Court's duty to carry out the testator's intention where that intent can be ascertained.Smith v. Smith, 387 So.2d 134 (Ala. 1980); Cates v. Bush,295 Ala. 256, 326 So.2d 742 (1976). To determine that intent we look to the four corners of the instrument. Rowe v. Newman,290 Ala. 289, 276 So.2d 412 (1972). If the language of the will is unambiguous and clearly expresses the testator's intent, that language must govern. Matter of Estate of Hensley,413 N.E.2d 315 (Ind.App. 1980).
Appellants argue that the sale by the executrix to herself is voidable, even though the will allows such a conveyance. The rule forbidding the purchase of estate property by an executor at his own sale does not apply where the will provides otherwise, as in the present situation. 33 C.J.S. Executors andAdministrators § 288 (1955).
The language of paragraph four of the testatrix's will clearly shows her intent to give her beneficiaries or any of them, including her executrix or executors, the power to buy the estate property. It reads:
 "4. I nominate and appoint Katherine Johnson as executrix of this my last will and testament, and if for any reason she fails, declines or refuses to serve, I appoint Jerry Galin and Fred C. Galin as executors hereof, and if either of them fails, declines or refuses to serve, then the other shall serve with all the authority and powers conferred herein on both. None of the parties named as executrix *Page 363 
or executors herein shall be required to make bond as such and none of them shall be required to make any settlement accounting or inventory in or out of Court as such executrix or executor. My executrix or executor, whether one or more, is authorized and empowered to sell all the property comprising my estate, whether real, personal or mixed; and divide the proceeds among the beneficiaries hereunder, and any sum which shall be due Ernest R. Galin from the proceeds of any sale shall be managed by my executors hereunder as Trustees for his benefit without bond or accounting. Such Trustees in the management thereof to have the same authority and discretion as if the Trust property were their own. To carry out the provisions of the will, my executrix, or the one acting as executor, is authorized and empowered to sell any property herein given, devised and bequeathed, and to make appropriate deed and conveyances to the purchaser or purchasers, using such discretion as I could do if living. Such sale or sales to be made for cash or for credit as the executrix sees fit. Any beneficiary hereun[der], including the executrix or executors is authorized and empowered to purchase from the executrix or executors."
Katherine Johnson purchased a parcel of land and conveyed parcels to the other purchasers who were also beneficiaries, under the express authority of the above paragraph. The grandchildren do not allege fraud, accident, or mistake in their complaint. Their only basis for setting aside the sale is the alleged inadequacy of the price obtained for the property, and the fact that they were not notified prior to the sale. These facts, in and of themselves, under the provisions of this will, are not sufficient to compel a decree setting aside the sales. See, Penny v. Jackson, 85 Ala. 67, 4 So. 720 (1887). Whether to sell the land at public or private sale, or at all, was left to the discretion of the executrix. A court should interfere with that discretion only where there is fraud or a manifest abuse of that discretion. Koplon v. Koplon, 274 Ala. 214, 148 So.2d 245 (1962); Burton v. Jones, 212 Ala. 353,102 So. 807 (1925).
The Supreme Court of Pennsylvania considered a situation similar to the one before us in In re Wallace's Estate, 299 Pa. 333,149 A. 473 (1930). There the will expressly provided that the executor of the estate would have the first opportunity to purchase the estate property, consisting of an interest in a newspaper. The Court there held that the rule forbidding the purchase of estate property by the executor does not apply where the will expressly provides otherwise. We agree with that analysis.
Appellants primarily rely on the case of Craig v. Craig,372 So.2d 16 (Ala. 1979). They argue that the rule in that case is applicable to the present situation. Craig held that the sale by the executor of estate lands to himself is voidable at the option of the distributees of the estate, upon timely application, except in one situation. The single exception to this rule is where the executor or administrator has an interest in the property sold, and the land is sold fairly, at a public sale, and so as to command the best price. In that instance, the sale is not voidable. Craig, supra, at 19. See,also, Bank of Wetumpka v. Walkley, 169 Ala. 648, 53 So. 830
(1910); Penny v. Jackson, supra. That rule has no application to the present situation. In the present case, the will conferred on the executrix not only a general power of sale, but, in addition, expressly authorized her to purchase the land herself. The will in Craig, to the contrary, directed the executor to sell eighty acres and use the proceeds to reimburse the executor for hospital bills, doctors' bills, medical expenses, and attention paid to the testator by the executor. Contrary to the terms of the will, the executor deeded the eighty acres to himself, in consideration of "support and medical bills." There, the Court upheld the trial court in setting aside the sale.
Where by the language of the will the clear intention of the testatrix is expressed, giving her executrix the right to *Page 364 
sell estate property and to purchase the same herself, the rule making sales of estate property by the executor of the estate to himself voidable at the option of the beneficiary has no application. We can only speculate as to why the testatrix granted her executrix such broad and unlimited power to administer her estate, but she has a legal right to do so, and our duty is to effectuate her unambiguous intention. We agree with the trial court that the sales are valid, and the judgment on the defendants' motions to dismiss was proper and is affirmed.
In Count II of their complaint, the grandchildren ask for an accounting and the removal of Katherine Johnson as executrix. The fitness of an executor named in a will is controlled by statute. Riley v. Wilkinson, 247 Ala. 231, 23 So.2d 582 (1945). Section 43-2-290, Ala. Code 1975, states the grounds for the removal of an executor as:
 "(1) Imbecility of mind; intemperance; continued sickness, rendering him incapable of the discharge of his duties; or when from his conduct or character there is reason to believe that he is not a suitable person to have the charge and control of the estate.
 "(2) Failure to make and return inventories of accounts of sale; failure to make settlements as required by law; or the failure to do any act as such executor or administrator, when lawfully required by the judge of probate.
 "(3) The wasting, embezzlement or any other maladministration of the estate.
 "(4) The using of any of the funds of the estate for his own benefit.
 "(5) A sentence of imprisonment in the penitentiary, county jail or for hard labor for the county for a term of 12 months or more."
This Court held in Binford v. Penney, 255 Ala. 20, 49 So.2d 665
(1950), that the power to remove an executor does not extend beyond the grounds set forth in the statute.
The procedure to follow in seeking the removal of an executor is also statutory. Section 43-2-293, Ala. Code 1975, states:
 "Application for the removal of any executor or administrator, or for an additional bond, must be in writing, verified by oath, must specify the grounds of complaint and must be made to the court from which letters issued, or in which the administration is pending; and may be made by any creditor, legatee, devisee, heir or distributee, or by any coexecutor, coadministrator or the sureties, or any of them."
The grandchildren have made no attempt to follow the procedure as outlined in the Code. Their complaint is devoid of any statutory ground for removal of the executrix and is unverified. Thus, it was correctly dismissed.
The grandchildren also seek an accounting. The will of Lena Galin expressly exempted the executrix from the necessity of making an inventory or report or from filing any final settlement. This provision is in keeping with the provisions of § 43-2-311, Ala. Code 1975, which states:
 "Any testator may, by express provision in his will to that effect, exempt an executor from filing an inventory or making any report or final settlement, and when such provision is made, such inventory, report or final settlement shall not be required except in the following cases. . . ."
That section also provides the proper procedure to follow when dissatisfied with the actions of the executor. That section requires that the "execut[rix], heir, legatee, or other person interested in the estate" make an affidavit showing that his interest in the estate is endangered.
Because of the foregoing, the grant of the defendants' motions to dismiss was proper; therefore, the judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and ADAMS, JJ., concur. *Page 365