# Dryer *v.* Crawford.

### *Statutory Actions in nature of Ejectment.*

1. *Devise to widow and children jointly, with power of disposition to widow as executrix.*—Under a testamentary provision directing the testator's whole estate to be "kept together and enjoyed by" his widow and children, "so long as she remains unmarried, and the children are minors, or are unmarried, to enjoy the income and profits of the same ;" followed by a provision that, as each child becomes of age, or marries before that time, "such portion of the estate be given them as my executrix [the widow] shall think right and proper, not exceeding an equal distributive share in the whole estate,"—the widow takes an equal and joint interest with the children, and a power to sell and convey, subsequently conferred on her as executrix, does not enlarge her estate.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. JAMES R. DOWDELL.

These two cases were argued and submitted together, involving the same questions, and dependent on the same facts. Each action was commenced on the 9th September, 1889, by E. H. Dryer, purchaser at sheriff's sale under execution against Mrs. Sarah B. Crawford, and sought to recover tracts of lands which were claimed by defendants (John W. and Julia S. Crawford) under conveyances from Mrs. Sarah B. Crawford, who was their mother. The tracts of land sued for belonged to Wm. G. Crawford at the time of his death in 1867, and passed under the provisions of his will, which was admitted to probate on the 14th October, 1887.

[Dryer v. Crawford.]

The will contained the following provisions: (1.) "I will that my whole estate be kept together and enjoyed by my beloved wife, Sarah B. Crawford, and my children, Able H., Eliza G., Mary Elizabeth, John M. and Julia S., as long as my wife remains unmarried, and my children are minors, or are unmarried, to enjoy the profits and income of the same." (2.) "I will that, if my wife shall ever marry again, that in that event she shall have set off, by sale or partition, an equal interest in my whole estate, both real and personal, with my children that may then be living, or to their children, if any should die leaving children; the number of each set of grandchildren to be numbered one representative in said division." (3.) "I will that, when my' children shall become of lawful age, or if they or either of them should get married at an earlier age than the legal age, then and in that event I will that such portion of my estate be given them as my executrix, whom I shall appoint, shall think right and proper, not exceeding an equal distributive share of the whole estate." (4.) "I will that my beloved wife, Sarah B. Crawford, be and act as my sole executrix, and that she be endowed with all the privileges and rights of buying, selling and conveying any property that I have, with any rights or titles thereto, in the same way that I would have, if I were living, to do and transact the business myself." (5.) "I will that she be not required to give security for her executorship."

The court charged the jury, on request, that they must find for the defendant, if they believed the evidence. The plaintiff excepted to this charge, and it is here assigned as error.

E. H. DRYER, *pro se*, and with him W. F. FOSTER.

J. A. BILBRO, *contra*.

STONE, C. J.—These cases are in all respects alike, and depend on the interpetation of Wm. G. Crawford's will. Testator died in 1867, leaving a widow, Sarah B. Crawford, and five children living—John W. Crawford and Julia S. Crawford being two of the children. Mary E. Crawford, one of the five children, died intestate soon after the death of testator, never having married. The widow, Sarah B., never married, and is still living.

In January, 1887, Mrs. Crawford executed a note, due and payable in January, 1888, on which judgment was rendered against her in July, 1888. On this judgment execution was issued, the lands in question levied on and sold; and E. H. Dryer became the purchaser, and received deeds from the

sheriff. These conveyances vested in Dryer all the title to said lands which was in Mrs. Crawford, the widow. In other words, all the title which the will of Wm. G. Crawford clothed her with, if it clothed her with any title which could be reached by execution, became Dryer's.

In December, 1887, after the debt was incurred under which the land was sold, Mrs. Sarah B. Crawford, by deeds of gift, conveyed to her children, John W. and Julia A. Crawford, in separate lots, the lands severally sued for in these actions. It is clear these conveyances could not avail anything against her debt previously incurred.—3 Brick. Dig. 515, § 119.

The will confers on Mrs. Crawford "the privileges and rights of . . . selling and conveying property" which the testator then owned; a very full power of disposition. This, it is contended, enlarges her estate into an absolute fee. We can not agree to this, for two reasons. *First*, the will does not give Mrs. Crawford the individual, exclusive use and enjoyment. Its language is, "that my whole estate be kept together and enjoyed by my beloved wife, Sarah B. Crawford, and my children," naming them—five in number. There is, in the devise, no discrimination between the wife and children, in the *quantum* of interest given. *Second*, the power of disposition is conferred on the wife, not as an individual, but in her executorial capacity. This can not enlarge her individual interest.

At the time the will was made, as well as at the time it took effect, the five children for whom it made provision, were in *esse*, and were capable of taking under it. The provision, as we have seen, was equally, and without discrimination, in favor of the wife and children by name. Whatever estate one took, the others were equally entitled to, and their interest accrued at the same time; not in succession, one to the other. No proper interpretation of the language, considered in connection with the attendant facts, can install the widow as first taker, and leave the children to come in as successors to her. Under the rule declared in *Wild's Case*, as well as under the language of the will itself, the children took co-equally and cotemporaneously, each having the same property rights as the other.—2 Jar. on Wills (Bigelow's Ed.), 389 *et seq.; Ib.* 411 *et seq.;* Rap. Law Dic., tit. "Wild's Case."

The logical result of what we have said is, that Mrs. Crawford, under the will of her husband, acquired an equal, undivided interest with her children in the land sued for, and that interest became Dryer's under his purchase at sheriff's sale. To that extent, according to the facts shown in this record, he was entitled to a verdict and judgment. The rulings of the Circuit Court were not in harmony with these views.

Reversed and remanded.