WILLIAM R. BROWN *v.* BRITISH AND AMERICAN MORTGAGE COMPANY ET AL.

1. DEEDS OF TRUST. *Substitution of trustee.  Corporations.  Seals.*

The written appointment of a substituted trustee in a deed of trust executed by a corporation, the beneficiary in the deed, need not be under seal.

2. SAME. *Agency for corporation.  How proved.*

Agency for a corporation may be proved as for a natural person, and authority conferred by the corporation may be implied as in other cases.

3. CHANCERY PLEADINGS. *Code* 1892, § 1797. *Code* 1892, § 1810. *Writing pleaded.  Execution must be denied on oath.*

Under Code 1892, § 1797, providing that when any writing is pleaded by a party to a suit, it shall not be necessary to prove its execution, unless the same be denied under oath by the adverse party (made applicable to the chancery court by Code 1892, § 1810), where defendant's answer in chancery set up an instrument substituting a trustee in a deed of trust, its exe-cution was not in issue in the absence of a denial thereof by the complainant under oath.

4. SAME.   *Denial sufficient.   Concrete case.*

> Where in a suit to set aside a sale and deed of conveyance made
> by substituted trustee in a deed of trust the bill alleged that
> no substitution appeared of record in the office of the chan-
> cery clerk either by separate instrument or otherwise, and
> defendant's answer denied that the substituted trustee and the
> beneficiary in the deed failed and neglected to record the
> instrument of substitution as required by law and alleged that
> it was recorded on a certain day in a specified book, the denial
> was sufficiently explicit to put the matter in issue and cast the
> burden of proof on complainant.

5. SUBSTITUTED TRUSTEE.   *Deed of trust.   Laws* 1896, *p.* 105, *ch.* 96.   *Sale.*
   *Record of substitution.   When made.*

> Laws 1896, ch. 96, p. 105, providing that sales of land under deeds
> of trust by substituted trustees should not convey title until
> the substitution appear of record, is complied with if the sale
> be contemporaneous with the recording of the instrument of
> substitution.

6. SAME.   *When of record.   Lodged with clerk.*

> An instrument substituting a trustee in a deed of trust is of record
> from the time that it is delivered to the clerk for record.

7. SALES UNDER DEEDS OF TRUST.   *Bulk.   Code* 1892, *§* 2443.   *Waiver.*

> A sale of land under a deed of trust in bulk, in pursuance of a
> provision of the deed, is valid, the provisions of Code 1892,
> § 2443, that lands sold under mortgages and deeds of trust shall
> be sold as lands are required to be sold under execution, may
> be waived by the parties.

FROM the chancery court of Amite county.

HON. WILLIAM P. S. VENTRESS, Chancellor.

Brown, the appellant, was complainant in the court below,
and the mortgage company and others, appellees, were defend-
ants there.   From a decree in favor of the defendants the com-
plainant appealed to the supreme court.   The facts are stated in
the opinion of the court.

*Cassedy & Cassedy,* for appellant.

1. The instrument purporting to substitute M. H. Wilkin-
son as trustee, signed by A. R. Shattuck and L. H. Graham, is
a nullity.

The instrument is not under seal, as provided by Code 1892, § 2437. The members of the board of directors have no power to convey land; a corporation can only act through its officers; a board of directors in session may *direct* the *officers, supervise* the *business,* and *direct* the course of the *corporate affairs,* etc., but the *individual members* of the board have no more power than any other stockholders.

2. The sale by substituted trustee is void because the act of substitution did not *appear of record* in the office of the chancery clerk of Amite county until after the sale. See Acts 1896, p. 105. The said act provides three modes in which the substitution may appear of record. 1 Morawetz on Private Corporations (2d ed.), sec. 531, and cases cited; 1 Beach on Private Corporations, sec. 224, and cases cited; Clark on Corporations, 488, 489, and 490, and cases cited.

It cannot be contended that handing to the clerk the instrument of writing substituting Wilkinson as trustee, which at best only amounts to lodging the instrument with the clerk to be filed and recorded, is the same thing as that which is required by this act of the legislature, and all the evidence shows that this instrument was only delivered to the clerk to be recorded. If the legislature had intended that lodging with the clerk was sufficient, the first mode fixed by it would have been the same as that used in the code and "lodged with the clerk to be recorded." And again, to further show the intention of the act, the same reads "until such substitution appear of record." The manner in which this is to be done then follows. This is a *different statute,* having *different meaning* from all other statutes requiring instruments of *writing* to be *recorded.* By reference to the statutes themselves, it will be seen that Code 1871, § 2302, *fixes the lodging with the clerk* to be recording; so does *Ib.,* sec. 2303; so does *Ib.,* sec. 2304; so does sec. 2306 substitute *"delivered"* for "lodged," as does sec. 2307. The same language is used in these sections brought forward in codes of 1880 and 1892. In another article, under the caption, "Clerk's Duty

in Recording," Code 1892, § 2457, provides "lodged," and sec. 2454 is the same.

If the court should hold that the *lodging* with the clerk of the acts substituting a trustee is the meaning of the act of 1896, where it is said that the *acts shall be of record before the sale,* then the appellant says the term sale means each and every act necessary to the transfer of the title. The acts necessary are—First, notice; second, the auction; third, the deed. The three acts together are necessary to transmit title. *Enochs* v. *Miller,* 60 Miss., 19, as to advertisement; *Washbourne* v. *White,* as to the auction; Code 1892, § 4225, and *Jelks* v. *Barrett,* 52 Miss., 315, as to the deed. If there is no advertisement, the court says "the sale is void;" if there is no deed, the court says "the sale is void." Therefore appellant argues that, the *notice* being a part of the *sale,* and the sale being void or nothing without *notice,* then the beginning of the sale is the notice, and the completion of the sale the deed. This being true, the writing substituting the trustee should have appeared on record before *the first notice* of sale.

3. This sale must be set aside, for the reason that the substituted trustee in selling the land under the mortgage sold in bulk, and did not offer in legal subdivisions. See Code 1892, § 2443. And there can be no answer to this proposition excepting the provisions of the deed of trust itself, which provides that the trustee may, in his discretion, sell the land in bulk. It is contended, however, by the complainant, that the parties hereto cannot by their contract evade the operation of this statute. See sec. 111 of constitution; see Code 1892, § 849. Foreign corporations cannot enforce any contract in violation of law or contrary to the public policy of this state.

4. The complainant further claims that the sale must be set aside for the reason that it was not fairly conducted, and not characterized by the utmost good faith and impartiality.

The defendant, the British and American Mortgage Co., in order to protect itself from intervening claims, caused this deed

of trust to be lodged with the clerk for record; this it had a right to do, and it in no manner changed its right to sell and enforce this deed of trust, nor did it give any additional rights. The clerk when he came to record the deed, made a mistake in the description by leaving out more than two hundred acres of land and about $900 of the money secured. This in no manner affected the rights of the mortgagee or mortgagor; the only effect so far would be to make the clerk responsible to an innocent purchaser for damages sustained by loss of property which the record would in that condition show unencumbered. The reason of this is evident, because the code only requires the mortgage to be lodged with the clerk for record, and when this is done, he has done all the law requires of him to protect himself; the *trustee,* however, in this case proceeded to give notice of sale, and in the *notice* called *attention* of the public to the *incorrect record,* and by his reference to that record instructed them to *inquire at that place for information* as to his right to sell the property advertised—something over 900 acres of land for $1,500 and interest—the reference being as follows: *Which said trust deed is recorded in Amite county, in deed book 35, pp. 233–239, to which reference is hereby made.*

The clerk is not responsible for the acts of the substituted trustee. The public, acting upon the reference of the trustee as advertised, go to the record, look at the book, and find that the trustee has *advertised more than his deed of trust calls for;* if any such wish to become purchasers of the said land at its market value, and it is upon this assumption the deed requires a notice, and the law compels the same, then such purchasers would be placed in an unequal contest with the mortgagee, because the mortgagee knew the land conveyed, and had the original deed, while the public were referred to the incorrect record for information; thus the mortgagee can buy 900 acres of land for the market price of $700. In *Dernton* v. *Sharp,* 70 Miss., 864, the court said: "The utmost good faith and im-

partiality must characterize the execution of the power of sale in a deed of trust, or else the grantor may by timely complaint have it set aside." And, again, this court said in 14 South. Rep., 40: "The right of the mortgagor in a deed of trust or mortgage with power of sale to the utmost good faith and fairness in its execution is undoubted, and should be upheld and rigidly enforced in the courts." After the sale is inevitable, then the only thing the mortgagee can demand is *good faith, fairness, and impartiality.* The acts of the trustee cannot be in good faith and impartial, nor is it common fairness to the grantor, when the notices are not fairly given and are so worded that the public are *not induced to bid,* but *deterred from bidding* on account of *false statements made in said notice.* In *Burnett* v. *Denniston,* 5 Johnson's Chancery, 35; "Where the advertisement of sale of mortgage premises under a power states a *false assertion* as advertised, the premises are to be sold for default of three mortgages, when there were only two, the third being on other land, by which the public *might be misled* or *purchasers deterred from bidding,* the sale will be irregular and *void."* In *Jenks* v. *Alexander,* 11 Page's Chancery, 619, it is said: "In relation to the notice of sale, or whereby the owner will be deprived of the advantage of a *fair competition* at the sale is an act of *bad faith* on the part of the mortgagee and a fraud upon the owner of equity in redemption."

*Mayes & Longstreet,* for appellees.

None of the cases cited by counsel sustain the proposition for which they contend, and the distinction which they attempt to make between the lodgment of the writing appointing a substituted trustee, on the one hand, and the lodgment for record of any other recordable instrument, on the other, is in conflict with the express language of the statute to which they appeal. Chapter 96, Laws 1896, provides that "such substitution may appear by separate instrument recorded as other record-

able instruments;" and thereby the statute itself expressly declares that the record of this instrument of substitution, which shall accomplish the purpose of the statute, is to be the same record (and that, of course, includes the method of recording) as other recordable instruments.

Moreover, this argument is in conflict with Code 1892, § 2458, which provides that "every conveyance, covenant, agreement, bond, mortgage, and deed of trust shall take effect, etc., only from the time when delivered to the clerk to be recorded."

The sufficiency of the appointment is also assailed on the ground that the instrument is not under seal, as provided by sec. 2437 of the code, and that it appears to have been executed by two parties claiming in their acknowledgment to have been directors, whereas directors have no power to execute such an instrument.

The obvious answer to this line of assault is that it is not open to them, even in the court below, to make it. The only attack made upon this appointment of the substituted trustee in and by the original bill was the averment that the instrument had not been recorded as required by law.

Responding to a requirement of the bill the joint answer of all the defendants showed the appointment of M. H. Wilkinson as substituted trustee by the defendant, the British and American Mortgage Co., Limited, and showed that the instrument of appointment was filed for record on February 6, 1899, and was recorded in conveyance book No. 37, p. 242, of the records of the county.

Thus the instrument of appointment was especially set forth in the answer, and was so set forth on the requirement of the bill. Section 1797 of the code clearly applied. The complainant did not amend his bill, nor did he file any other form of pleading or proceeding specially denying the execution of the instrument of appointment; and on the trial of the cause in that attitude of the pleadings, it was not open to complainant to controvert the due and proper execution of that instrument.

*Wanita Mills* v. *Rollins,* 75 Miss., 253; *Thompson* v. *First National Bank, ante.*

Long before the code of 1892, and independent of any legislation on the subject of seals, it was settled law in this state that even an unsealed deed to lands would not be regarded as a nullity in equity, but would be treated as a binding contract to convey, investing the donee with the equitable title.

Complainant also argues that the corporation had no right to delegate its power to make the appointment of a substituted trustee; that such a power may not be delegated at all. As shown above, this question is not open to complainants to raise, because of the want of proper pleadings. But, in fact, it has been practically disposed of by this court in the decision of the case of *Allen* v. *Alliance Trust Company,* 84 Miss., 319 (s.c., 36 South. Rep., 285).

As to the point that the chancery clerk did not make any index to this instrument of appointment in his record book, it is disposed of by the case of *Mangold* v. *Barlow,* 61 Miss., 593. And especially is this true when it is remembered that the provision in regard to the time when instruments filed for record shall take effect was reënacted in the code of 1892, without change, after that decision was rendered.

As to the averment that this instrument of appointment was void because it was not filed before advertisement of sale was made, it does not seem to us to need elaborate argument. The advertisement is no part of the sale, but is a necessary preliminary to it. If the writing substituting the trustee is of record (that is to say, if it is lodged in the hands of the chancery clerk for record at the time of the sale itself), that accomplishes all the purposes of the statute.

It is claimed that the sale is void because in bulk, in violation of sec. 2443 of the code. Appellant's argument in this respect is directly in the teeth of the provisions of the deed of trust itself. The deed of trust expressly provides that the sale may be made in bulk. It is claimed, however, that the statute is imperative,

and cannot be waived. But no state is well settled to the contrary, even in the case as to constitutional right, *a fortiori,* in the case of one merely statuary. Cooley's Const. Lims. (7th ed.), p. 250.

The complainant further claims that the sale should be set aside for the reason that it was not fairly conducted, and is not characterized by the utmost good faith and impartiality. But the whole argument of the appellant on this proposition is simply this: That the trustee, in his advertisement, stated that the trust deed under which he proposed to sell was recorded in Amite county, in deed book 35, pp. 233-239, "to which reference is hereby made." The argument is that this was a misstatement, because the trust deed was not recorded, inasmuch as the clerk, in transcribing it on the record, had, by a blunder, copied it incorrectly, and had omitted some of the land embraced in the deed, and had misstated the amount of one of the notes.

The whole argument rests on the proposition that since the clerk had blundered in copying the trust deed, it was not true when stated in the advertisement that the trust deed under which the sale was to be made was recorded; and, further, that when proposed purchasers went to the record, they would be misled by seeing discrepancies between the advertisement and the record. And such purchasers would be placed in an unequal contest with the mortgagee, because the mortgagee would know that the trust deed really embraced nine hundred acres.

It is obvious that all of this is an effort, in a roundabout way, to hold the mortgagee responsible for the blunder of the clerk, in the teeth of the decision of this court in *Mangold v. Barlow,* 61 Miss., 593.

Argued orally by *W. P. Cassedy,* for appellant.

Cox, J., delivered the opinion of the court.

This was a suit in the chancery court of Amite county by W. R. Brown against the British and American Mortgage Co.,

and others, seeking to have a sale and deed of conveyance of certain lands to the said British and American Mortgage Co., made by M. H. Wilkinson, as substituted trustee in a deed of trust given by said W. R. Brown, to secure to said British and American Mortgage Co. certain sums of money therein mentioned, held for naught; for an accounting; for a resale, if complainant failed to pay all that might be found due the said British and American Mortgage Co.; and for general relief. Defendants answered, denying the grounds set up as warranting the relief prayed. The relief prayed was denied, and bill dismissed.

Appellant, who was complainant below, insists that the sale was void, because the instrument appointing Wilkinson as substituted trustee, purporting to be the act of a corporation, was not under seal, and appeared to have been executed by two directors of the corporation instead of an officer; because it did not appear of record in the office of the chancery clerk of Amite county before the sale; because the land, about nine hundred acres, was sold in bulk, not having been first offered in subdivisions of not exceeding one hundred and sixty acres; because there was not that fairness, impartiality, and good faith upon the part of the substituted trustee which the law exacts of trustees; and because the price realized at the sale was inadequate.

The substitution is not void because not under seal. It is not a conveyance, but the mere exercise of a power of appointment. Agency for a corporation may be proved as for a natural person, and authority conferred by it may be implied as in other cases. *Carey-Halliday Lumber Company* v. *Cain,* 70 Miss., 628 (13 South. Rep., 239).

We do not find it necessary to determine whether directors Shattuck and Graham had authority to execute for the British and American Mortgage Co., and in its name, the instrument of substitution. This authority, never denied by the corporation—indeed, made the basis of their claim of title to the land

in controversy—was not controverted by appellant in the court below. The bill prays, among other things, that M. H. Wilkinson (substituted trustee) be required to disclose specially under what power or authority he proceeded to sell complainant's land. Responding to this demand for discovery, the answer avers "that the British and American Mortgage Co., Limited, did, on December 19, 1898, by their written instrument, appoint M. H. Wilkinson substituted trustee," etc. The answer was duly sworn to by M. H. Wilkinson. This brings the case squarely within the rule that a sworn answer directly responsive to interrogatories in the bill is to be accepted as true unless disproved. *Fulton* v. *Woodman,* 54 Miss., 158; 1 Ency. Pl. & Pr., 914. A careful inspection of the record discloses no offer of evidence by complainant to meet the burden of proof, and disprove the claim of Wilkinson that he acted for the British and American Mortgage Co. under authority conferred by their written instrument. But if such evidence had been offered, it would not have been competent. The instrument of substitution was set up in defendants' answer, and, indeed, was made the basis of their claim of title. Its execution could not be brought in issue until denied on oath, which was never done. Code 1892, § 1797 (this section applies to chancery courts); Code 1892, § 1810; *Wanita Mills* v. *Rollins,* 75 Miss., 253 (22 South. Rep., 819). The due execution of the instrument appointing Wilkinson as trustee is conclusively established by appellant's failure to controvert Wilkinson's sworn answer responsive to a special demand for discovery, and by appellant's failure to deny under oath the execution by the British and American Mortgage Co. of the instrument substituting Wilkinson as trustee, said instrument having been pleaded or set up by defendants.

Appellant insists that there is no evidence to show that the instrument of substitution was delivered to the clerk of the chancery court for record before sale; that, in fact, the averment in the bill that it was not recorded before sale was not

denied, and hence was conclusively established; and that, there-fore, defendants' title must fail. The averments of the bill on this point are as follows: "No substitution appears of record in the office of the chancery clerk of Amite county, the county wherein the land is situated, either by separate instrument or otherwise, as required by the act of the legislature of March 3, 1896, requiring the same to be recorded before sale; and none was recorded before the sale nor after the sale, nor is there any recorded now." Defendants, in their answer, "deny that M. H. Wilkinson, F. B. Hoffman, and the British and American Mortgage Co. failed and neglected to record, as required by law, the instrument or other thing substituting M. H. Wilkin-son as trustee," and aver that the instrument was filed for record February 6, 1899, and was recorded in conveyance book 37, p. 242. This is a sufficiently explicit denial to put the matter in issue, and cast upon complainant the burden of proof. This he did not meet. On the contrary, the testimony of M. H. Bates, chancery clerk of Amite county, shows that the instrument substituting Wilkinson as trustee was filed with him at 10 A.M. on February 6, 1899, which was the day of sale. If this was true—and it is nowhere denied—the most that could be said would be that the sale was cotemporaneous with the delivery, for by the terms of the deed of trust the sale must be made between 10 A.M. and 3 P.M. But from the record it ap-pears reasonably certain that the sale followed the delivery to the clerk of the instrument of substitution. If, upon delivery to the clerk of the instrument of substitution, the said instru-ment appeared of record in his office, then ch. 96, p. 105, Acts 1896, was fully complied with, because the sale, even if exactly cotemporaneous with the delivery, was not made until the in-strument appeared of record.

It remains to be determined, then, whether the substitution "appeared of record" from the time of its delivery and before it was transcribed upon the record book. It undoubtedly was of record, from the time of its delivery, for all purposes. It

then became notice to all the world of its contents. Any one investigating land titles must not only examine instruments actually transcribed upon the record books, but must also call for and examine instruments filed for record, though not actually transcribed. Such instruments are accessible to all, are as easily examined as those actually copied into the books, and, equally with the latter, appear of record within the meaning of the law. This is a reasonable construction, and saves the legislature from the imputation of folly in demanding more for the recording of an instrument substituting a trustee than of the deed creating the trust.

The sale of the land in bulk was in pursuance of a provision of the deed of trust. The code provision requiring land sold under trust deeds to be offered in subdivisions not exceeding one hundred and sixty acres may be waived by the parties. It is intended to secure the property rights of individuals, and there is no public policy which would be defeated by permitting the parties in interest to waive its provisions. Cooley's Const. Lims. (7th ed.), 250.

We find no unfairness, partiality, or want of good faith on the part of the substituted trustee. Mere inadequacy of price will not avail to set aside a trustee's sale. The decree was right on the facts of the case.

                                                    *Affirmed.*