BURTON et al. v. JONES. (6 Div. 306.)

(Supreme Court of Alabama. Jan. 15, 1925.)

1. **Executors and administrators** ⬥138(9)— **May be executed without reciting or referring to power.**

Power of sale given by will may be executed without reciting power or referring to it provided that the act shows that the donee had in view the subject of the power.

2. **Executors and administrators** ⬥145—**Executor's deed held to convey entire title in execution of power of sale and not merely executor's undivided interest.**

Where will gave executor the power to sell land if he should first find that the property could not be divided in kind to the satisfaction of the beneficiaries, and where the executor was one of the beneficiaries, executor's deed, describing grantor by name, followed by words "executor of the last will and testament of" deceased, held deed conveying entire title executed in the exercise of such power, and not merely a deed conveying executor's undivided interest.

3. **Powers** ⬥32—**Limited power can be exercised only under circumstances, for purposes, and in manner contemplated.**

Power, if limited, can be exercised only under the circumstances, for the purposes, and in the manner provided for or contemplated in the will.

4. **Executors and administrators** ⬥138(9)— **Executor directed to sell land must execute power in own name.**

Where will directed executor to sell land, the power must be executed in his name.

5. **Executors and administrators** ⬥138(3)— **Executor, empowered to sell land if it could not be partitioned satisfactorily, and who was himself one of beneficiaries, could exercise power if not satisfied with partition.**

Where executor, who was directed to sell land if satisfied that it could not be partitioned in kind to the satisfaction of the beneficiaries, was one of the beneficiaries, he had as much right to require partition to his satisfaction as any of the others, and his judgment that partition could not be had and that sale should be made was conclusive, if exercised in good faith.

---

**6. Powers** ⊜⊸35—**Donee's exercise of discretion not disturbed in absence of fraud or manifest abuse of discretion.**

Where donee had discretion as to whether power should be executed, his exercise of the power will be interfered with only for fraud or manifest abuse of discretion.

**7. Executors and administrators** ⊜⊸138(9)— **Exercise of power of sale held not abuse of discretion.**

Executor's sale of land under will empowering him to sell land, if satisfied that it could not be partitioned in kind to the satisfaction of beneficiaries, *held* not abuse of discretion, where the land consisted of six contiguous lots of 50 feet frontage each, with improvements, to be partitioned among owners representing interests of one-thirteenth, one twenty-sixth, and one fifty-second.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

. Bill in equity by J. W. Burton and others against L. Jones and others to sell lands for division of the proceeds among joint owners. From a decree for respondent, L. Jones, upon his cross-bill, complainants appeal. Affirmed.

W. F. Finch, of Jasper, for appellants.

If the power of sale is limited, it can be exercised only under the circumstances contemplated by the will. 24 C. J. 160; Grems v. Parsons (Sup.) 149 N. Y. S. 577; Beakey v. Knutson, 90 Or. 574, 174 P. 1149, 177 P. 955; McFarland v. McFarland, 177 Ill. 208, 52 N. E. 281. The conveyance in this case was an individual deed of T. L. Burton and conveyed only his individual interest. 24 C. J. 178; Rannels v. Rowe, 145 F. 296, 74 C. C. A. 376; Parks v. Knox, 61 Tex. Civ. App. 493, 130 S. W. 203; Armor v. Frey, 253 Mo. 447, 161 S. W. 829; Wright v. Rice, 56 Ala. 44; Agee v. Williams, 27 Ala. 644; Lucas v. Pittman, 94 Ala. 616, 10 So. 603; Taylor v. A. & M. Ass'n, 68 Ala. 229; Standifer v. Swann & Billups, 78 Ala. 88; Mickle v. Montgomery, 111 Ala. 415, 20 So. 441.

M. B. McCollum and Bankhead & Bankhead, all of Jasper, for appellee.

In determining whether an executor in a will is given the power to sell real estate, the intention of the testator, to be gathered from the whole instrument, will be looked to. Fowlkes v. Clay, 205 Ala. 523, 88 So. 651; Steele v. Crute, 208 Ala. 2, 93 So. 694; Henderson v. Henderson, 210 Ala. 73, 97 So. 353. A sale of the property being left within the discretion of the executor, his judgment in the exercise of such discretion is conclusive, if exercised in good faith. 24 C. J. 161; 11 R. C. L. 397. Whether the deed passed only the individual interest of the executor or the entire interest of the estate is to be determined from the intention of the executor,

from the whole deed, and by extrinsic evidence. V. & W. V. Coal Co. v. Charles (D. C.) 251 F. 107; Sloss Co. v. Lollar, 170 Ala. 239, 54 So. 272; Madden v. Floyd, 69 Ala. 221; S. & M. R. R. Co. v. Lancaster, 62 Ala. 555.

SAYRE, J. Appellants filed the bill in this cause praying for a sale of certain lots in the town of Carbon Hill for division in lieu of partition. Appellee, L. Jones. by his answer and cross-bill denied complainants' title, claimed title in himself in virtue of a deed from T. L. Burton as executor of the last will and testament of Adaline Burton, deceased, complainants' ancestor and former owner of the lots, and prayed a decree settling his title thus acquired. On submission for decree on the merits the original bill was dismissed and relief awarded in accordance with the prayer of the cross-bill.

The question for decision is whether the executor's deed of conveyance, under which cross-complainant claims title, was executed in pursuance of the power granted by the will.

By her will testatrix devised and bequeathed her entire estate to her husband and her children in equal parts. Therein her husband was appointed as executor, and given power and authority, and directed, to take and retain full and complete possession of all the property of testatrix's estate "for such time as he may see fit until he may ascertain whether or not the same can be divided in lots and parcels between the beneficiaries named in paragraph two hereof [the devise above mentioned] to their satisfaction, and in the event he finds that the same cannot be so divided to their satisfaction, then in such event it is my will that all of my estate be sold by my executor at such time, either at private or public sale, with or without an order of court, as he may think best to the interest of the estate," and divide the proceeds. .

In March, 1918, about a year after the death of testatrix, the devisees, including the executor, entered into an arrangement for the partition in kind of certain lands of the estate by lot, and agreed that all other lands of the estate should be "partitioned and divided in the same manner and way as is herein provided * * * when the suits and litigation now pending about same is settled and determined."

[1, 2] It is not doubted that cross-complainant's grantor was by the will of testatrix vested with a power of sale at discretion with this limitation only, that he should first find that the property could not be divided in kind to the satisfaction of the beneficiaries. Nor does there appear any very serious reason for doubting that the executor's deed was intended as an execution pro tanto of the power vested in him

by the will. The recitals of the deed make it clear that it is the deed of "T. L. Burton, executor of the last will and testament of Adaline Burton, deceased." Looking to the instrument as a whole, it is apparent that the transaction it evidences is not fairly susceptible of any interpretation other than as indicating an intent to execute the power. "The power may be executed without reciting it, or referring to it, provided that the act shows that the donee had in view the subject of the power." Gindrat v. Montgomery Gas Light Co., 82 Ala. 603, 2 So. 327, 60 Am. Rep. 769. True, cross-complainant's grantor had an undivided interest, but his deed purported to convey the entire title and he must be held as engaging with the grantee to make his deed as effectual as he had the power to make it, nothing to the contrary appearing. Gulf Red Cedar Co. v. O'Neal, 131 Ala. 133, 30 So. 466, 90 Am. St. Rep. 22; Young v. Sheldon, 139 Ala. 453, 36 So. 27, 101 Am. St. Rep. 44.

[3, 4] It is also true that, "if the power is limited, it can be exercised only under the circumstances, for the purposes, and in the manner provided for or contemplated in the will." 24 C. J. 161; Jones v. Morris, 61 Ala. 526; Wood v. Lake, 62 Ala. 491; 22 Am. & Eng. Encyc. (2d Ed.) p. 1121. The cases just cited and others, among them Taylor v. A. & M. Asso., 68 Ala. 229, to which appellants would direct our especial attention, hold also that a conveyance executed by an agent to operate in a court of law as a transfer of the right and interest of his principal must be executed in the name and as the deed of the principal. But that doctrine of the law is without application to this case. As for this question, the will merely directs the executor to sell. Such a power may be—indeed, must be—executed in the name of the donee. Cranston v. Crane, 97 Mass. 459, 92 Am. Dec. 106; 31 Cyc. 1115; 22 Am. & Eng. Encyc. Law (2d Ed.) p. 1098.

Appellants cite Lucas v. Pittman, 94 Ala. 616, 10 So. 603, and a number of like cases, in support of the proposition that, since in his deed appellee's grantor describes himself by the words "T. L. Burton, executor of the last will and testament of Adaline Burton, deceased," omitting the word "as" between his name and the descriptive words "executor," etc., his deed must be taken and accepted as a conveyance of his individual interest only, not as an execution of the power. The cases cited hold that, where an action is brought by plaintiff describing himself, for example, "administrator" and not "as administrator," the action is brought in his individual and not his representative capacity. This doctrine may have been overworked in some of its applications; but, however that may be, it has been held that the frame, averments, and scope of the complaint may suffice to affix to the plaintiff a representative character in the litigation, though "as" be omitted. Ala. City, G. & A. Ry. Co. v. Heald, 178 Ala. 638, 59 So. 461. We do not find that the narrow doctrine of the cases cited by appellants has been applied to the execution of powers. Nor, repeating here the substance of what has been already said, do we conceive of any very plausible reason why appellee's grantor, if his intention was to convey his individual interest only, appended the description "executor of the last will and testament of Adaline Burton, deceased" to his name in the body of his deed and the abbreviation "Extr." to his signature at the foot. Describing himself as he did, the grantor must have intended to refer to the will as the source of his right to execute the conveyance, and this, in connection with the fact that the will granted the power and that he was dealing with the subject of the power, suffice, in our opinion, to make it clear enough that he was engaged in an effort to execute the power vested in him by the will of the deceased.

[5-7] As we have shown, the will empowered and directed the executor to sell in the event he should find that the property could not be divided or partitioned in kind to the satisfaction of the beneficiaries. The donee of the power was one of the beneficiaries, and had as much right to require a partition to his satisfaction as any other one of them. From this it results that he was given a discretion as to whether a sale should be made, and his judgment was conclusive if exercised in good faith. Bunner v. Storm, 1 Sandf. Ch. (N. Y.) 357. His exercise of the power will be interfered with only for fraud or manifest abuse of discretion, neither of which is averred or proved in this case. 24 C. J. 162, note. On the contrary, when the nature of the property is considered and the small interest to be taken by some of the beneficiaries—some of them, evidently, taking as representatives of their parents—it seems most likely that no partition in kind could be reasonably expected. It may be noted in this connection that the original bill averred that the property could not be equitably partitioned in kind. These lots have been improved by the executor's grantee since the sale, but it is conceived that the improvements have added little to the difficulty of satisfactorily partitioning six contiguous lots of 50 feet frontage, each, among owners representing interests of one-thirteenth, one twenty-sixth, and one fifty-second.

The decree is well supported in law and fact, and should be affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.