HAMILTON *et al. v.* FEDERAL LAND BANK.

(In Banc. March 6, 1939.)

[186 So. 832. No. 33524.]

**W. F. Latham** and **John Sharp Butler**, both of Quitman, for appellants.

**H. F. Case**, of Quitman, and **T. H. Hedgepeth** and **W. L. Pack**, both of New Orleans, La., for appellee.

**Griffith, J.**, delivered the opinion of the court.

On January 15, 1925, appellants Hamilton and wife, borrowed $1600 from appellee Bank, and as security gave a deed of trust on the following described land in Clarke County: E½ of W½ of SW¼, and W½ of NW¼, Sec. 5, Tp. 1, R. 15 E. and 2 acres on south side of SW¼ of SW¼, Sec. 32, Tp. 2, R. 15 E. The mortgagors became considerably in arrears in their annual payments, and the Bank decided to declare due the entire debt, principal and interest; to appoint a substituted trustee, and to foreclose by a sale in pais. The substituted trustee gave the required public notice and sold the land at public outcry on August 30, 1930, within legal hours, at the county courthouse. The Bank became the purchaser, being the only bidder at the sale, and the trustee executed his trustee's deed to the Bank.

The purchaser made expensive but ineffective efforts, through actions of unlawful entry and detainer, to dispossess appellants; and finally on April 9, 1937, the Bank filed its bill in chancery to have its title declared absolute as against appellants, and for a writ of possession. Appellants resisted the suit on several grounds of attack against the validity of the trustee's sale: (1) That the substitution of the trustee had not been lawful; (2) that the substituted trustee was disqualified to act because he was an employe of the Bank; (3) that the public notice given by the truste contained an error as respects the page of the record of his substitution; and (4) that the notice posted at the courthouse did not remain posted. None of these objections were maintained, in point of law, under the proof, and we proceed to the only ground of attack which seems to require discussion; and that is, the contention that the sale was void because the land

was not offered at the sale by the trustee in parcels or subdivisions.

It will be observed from the description that the mortgaged land consists of 122 acres, the lower forty acres being one-half mile north and south by one-eighth mile east and west, and the upper eighty acres one-half mile north and south by one-quarter mile east and west, and next adjacent on the north, a narrow strip of two acres, running one-quarter of a mile from east to west. The record discloses that the land was and is used as a single farm, and that about one-half of it is or has been in cultivation, and that there is a farm residence and outhouses somewhere on the land. The location of the cultivated ground or whether in one or more enclosures is not disclosed, nor is the location of the residence and outhouses shown. The record is silent as to whether there is any merchantable timber or any minerals, and, if so, on what part of the land. Some part of the land is said to have greatly suffered by erosion, there being many gullies, but as to where these are nothing is shown. The general location is several miles from any city or town.

Nothing is shown in the record or in the argument as to how this land of a single small farm could, as a practicable matter, have been divided into parcels for an available sale of portions less than the whole; but the contention is upon the naked legal proposition that because the trustee did not offer the land in some sort of parcels or subdivisions the sale was of no valid legal effect.

The deed of trust provided that the trustee or any successor appointed in his place ''shall sell said property, or a sufficiency thereof, to satisfy the indebtedness aforesaid then unpaid.'' It is admitted that the trustee sold the land as a unit without first offering it in parcels. It is also shown that the mortgagors were both present at the sale and made no objections to the offer as a whole; made no request that the land be offered in parcels, and made no representations to the trustee at the sale, or at any time theretofore, that the land could be more ad-

vantageously sold if offered in parcels or as to what those parcels could or should be. And looking to the above-stated situation and use of the property, it is difficult to see what reasonable or practically available suggestions or requests could have been made in that regard; but whether so or not, the facts are that no objections or requests or suggestions as to the manner of sale were made. And there is not a word in the record that any person was present, or would have been present, who would have bid on any parcel or on what parcel, and there is no showing that if offered in parcels any one of them, or the aggregate of them, would have brought the amount of the debt. Although advertised for four weeks nobody, who manifested any sort of interest in it, was present at the sale other than the two mortgagors, the substituted trustee, and a person whom the trustee had requested to appear and bid for the mortgagee.

The quoted provision in the deed of trust was solely for the benefit of the mortgagors, and being for their benefit could be waived by them. It was held by this court in Brown v. Mortgage Co., 86 Miss. 388, 400, 38 So. 312, that even the statutory requirement, Sec. 2167, Code 1930, that land sold under deeds of trust shall be offered in subdivisions of not exceeding 160 acres, may be waived by the parties.

Such a waiver is not required to be in writing; but, as succinctly said in 41 C. J., p. 975, Sec. 1423, the general rule is that any person who is present and fails to object to the manner in which the sale is made cannot subsequently have the sale set aside on the ground that it should have been conducted in a different manner. Or, as expressed in 2 Perry on Trusts (7 Ed.), p. 1051: ''The provisions in the power limiting and regulating the sale are for the benefit of the debtor. They are for his protection, and they may be waived by him, or his conduct may estop him from taking advantage of any irregularities, as if being present at the sale and knowing of the irregularity he should make no objection, but permit the

sale to proceed.'' To the same effect is 3 Jones on Mortgages (8 Ed.); p. 929, sec. 2406.

Under the stated facts appellants fall within the principles above set forth; under the facts, they have waived the objections to the manner of the sale which at this late day they seek to interpose; and no more than the statement is required of the legal proposition that no sale is either void or voidable on account of a departure, if there has been any such departure, from a condition or stipulation which has been waived. We decide no other question in regard to the manner of the sale, it being unnecessary to go further.

Affirmed.