FEDERAL LAND BANK OF NEW ORLEANS *et al. v.* MILLER *et al.*

(In Banc. Feb. 25, 1946. Suggestion of Error Overruled March 25, 1946.)

[25 So. (2d) 11. No. 36069.]

Henley, Jones & Woodliff, of Jackson, and R. E. Spivey, Jr., of New Orleans, La., for appellant.

**J. H. Garth,** of Hazlehurst, and **L. F. Easterling** and **J. E. Skinner,** both of Jackson, for appellees. .

Robert L. Genin, of Bay St. Louis, amicus curiae.

620

Argued orally by **W. S. Henley,** for appellant, and by
**J. H. Garth** and **J. E. Skinner,** for appellees.

**Sydney Smith, C. J.**, delivered the opinion of the Court.

This is an appeal from a decree overruling a demurrer to a bill of complaint. It appears in substance from the bill that the appellees, who were the complainants in the court below, executed a deed of trust in January 1923 on the land therein described to the appellant, Federal Land Bank of New Orleans, to secure an indebtedness therein set forth, the trustee therein named being Barrett Jones.

One of the clauses of the deed of trust provides that "The said Bank, or any holder of said indebtedness, if a person, acting personally; or a corporation, acting by and through either its president, vice-president, or secretary, or other managing authority, is hereby fully authorized and empowered to appoint another and succeeding trustees in the place of the said above named Trustee, or his successors, if for any cause the Trustee in this instrument, or his successors, shall not be present, able and willing to execute this trust; or if for any reason said holders acting through the above described officers, or any one of them, should so desire, and such appointees shall have full power as Trustee herein." Default having been made in the payment of the indebtedness secured by the deed of trust and the bank being still the holder thereof, it appointed W. S. Henley as trustee in the deed of trust in the place of Jones by a written instrument, reciting that it, the bank, "does hereby constitute and appoint one W. S. Henley as trustee in said deed of trust in the place and stead of the original trustee therein named," without stating whether or not the original trustee was present, able, and willing to execute the trust. Henley then published a notice that he would, on the 5th day of April, 1935, "offer for sale and sell to the highest bidder for cash, at the courthouse in Hazelhurst, Miss., within legal hours of sale," the land described in the deed of trust. The sale was made

at the time and place advertised and the land was purchased by the appellant.

It further appears from the bill of complaint that when Henley was appointed as trustee in this deed of trust and also when he made the sale thereunder, he was "the attorney and agent of the Federal Land Bank," and that Jones was present, willing, and able to execute this trust when Henley was appointed in his stead and when he sold the land as trustee, to the appellant. The bill sought the cancellation of the deed executed by Henley to the appellant pursuant to his sale of the land to it under the deed of trust.

In support of the decree of the court below the appellees say:

1. That the appointment of Henley in place of the original trustee in the deed of trust was void for three reasons: (a) the words "said holders" in the second provision of the clause of the deed of trust conferring the power to appoint a trustee in place of the trustee named therein does not include the appellant, it being included only in the first provision thereof. (b) The trustee named in the deed of trust, Barrett Jones, was present, able, and willing to execute the deed of trust, and (c) the right given to the bank to appoint a trustee in the place of Jones did not include the right to appoint as such its own agent and attorney.

2. The trustee's published notice of his intention to sell the land was fatally defective.

The words "said holders" in the second provision of the clause of the deed of trust under consideration, refer to the holders of the indebtedness set forth at the beginning of the first provision of the clause as the "said bank or any holder." The word "holder" in the law of Bills and Notes, by Section 232, Code 1942, and independently thereof, 2 Bouvier's Law Dictionary, Rawles 3d Ed., p. 1444, includes "the payee or indorsee of a bill or note who is in possession of it." The appellant bank, therefore, while it retained the ownership and posses-

sion of the notes secured by this deed of trust was the holder thereof.

But counsel for the appellees say that these words refer to holders of the indebtedness other than the bank, because in the first provision of this clause of the deed of trust the bank is specifically mentioned, and is not in the second. We are unable to follow this reasoning or to find any warrant in the deed of trust for excluding the bank from the holders referred to in either provision of the deed of trust. The grantor in a deed of trust, of course, cannot foresee, who, if any one, will succeed to the ownership of his indebtedness secured thereby; and it would be rather unusual for him to give these unknown subsequent holders of his indebtedness a wider latitude in appointing a trustee in the place of the one named in the deed of trust, than he was willing to give to the grantee therein.

Again, it is said by counsel for the appellee that there is an irreconcilable conflict between the two provisions of this clause of the deed of trust, and, therefore, the first must prevail over the second. The second of these provisions overlaps the first, but it does not prevent that from being done which the first provision specifically permits. Neither does the first provision limit the scope of the second. While it would seem that the second of these provisions rendered the first unnecessary, nevertheless the parties thereto had the right to put both of them in the deed of trust and may have had a purpose in so doing that seemed good to them. But with that we are not concerned, it being our duty to permit both provisions to stand unless they are mutually destructive, in which event one would prevail over the other. This clause of this deed of trust has been several times before us, but none of the opinions rendered thereon discussed the particular objection thereto here made. As will appear from Hamilton v. Federal Land Bank, 184 Miss. 878, 186 So. 832, Henley's appointment as substi-

624

tuted trustee is in no way affected by the fact that he was the appellant's agent and attorney.

The deed of trust provides that upon condition broken the trustee "shall sell said property, or a sufficiency thereof, to satisfy the indebtedness aforesaid then unpaid." The appellees' objection to the trustee's published notice of his intention to sell the land is that it "did not specify that the land would be offered for sale in 160-acres subdivisions and did not specify that a prospective purchaser might bid for and purchase any amount of the property less than the entirety." The deed of trust does not require that this information be set forth in the published notice of the trustee's intention to sell it, but only "the time, place, and terms of sale." The phrase "terms of sale" in the law of sales refers to the amount, time, and manner of payment for the property sold.

The demurrer should have been sustained.

Reversed and remanded.