LEE *v.* MAGNOLIA BANK.

Division B. Nov. 6, 1950.

No. 37625 (48 So. (2d) 515)

Cassidy, McLain & Alford, and Henley, Jones & Woodliff, for appellant.

808

Gordon & Gordon, for appellee.

**Hall, J.**

Bill of complaint was filed by the heirs at law of H. M. Lee, deceased, seeking the invalidation of trustee's deeds executed pursuant to foreclosure sales on November 26, 1936, under a deed of trust from H. M. Lee to Magnolia Bank dated February 11, 1931. This deed of trust covered approximately 240 acres of land in Pike County and 160 acres in Walthall County, all contiguous except one forty-acre tract therein described which was separated from the remainder, and it was therein specifically provided that in the event of foreclosure the Pike County land should be sold at the north door of the courthouse of that county, and the Walthall County land should be sold at the main front door of the courthouse of that county. Default having been made in the payment of the indebtedness secured by this deed of trust, the bank requested the trustee to foreclose the same and he prepared a notice of sale of the Pike County land to be held in Pike County and a separate notice of sale of the Walthall County land to be held in that county. These notices were duly posted and published as required by the statute. The Pike County notice made no reference to the Walthall County land, and the Walthall County notice made

no reference to the Pike County land, but both notices fixed the same day of sale. At the sale the bank became the highest bidder for the Pike County land and a deed therefor was executed by the trustee to the bank. The bank also became the highest bidder for the Walthall County land at the sale conducted in that county and a separate deed therefor was executed by the trustee to the bank. Both deeds of course bear the same date, and the total consideration for the two deeds was insufficient to fully satisfy the indebtedness. Copies of the deed of trust, notices of sale, and trustee's deeds are all filed as exhibits to the bill of complaint. The chancellor sustained a demurrer to the bill, the complainants did not request leave to amend, and the bill was dismissed. This appeal is prosecuted by only one of the complainants.

Appellant first contends that Section 2167, Code of 1930, which is the same as Section 888, Code of 1942, authorizes only one sale under a deed of trust and requires that it be advertised in each county where the land is located. In this connection it is argued first that the law does not authorize a sale by piecemeal, that the lien is entire and indivisible, and should be foreclosed in one proceeding. As a general proposition of law, in the absence of statute, this argument might merit serious consideration, but we are at once confronted with the express provisions of the aforesaid statute which provides, in part: "All lands sold at public outcry under deeds of trust hereafter executed, or other contracts hereafter made, *shall be sold* in the county in which the land is located, or in the county of the residence of the grantor, or one of the grantors in the trust deed, provided that where the land is situated in two or more counties, the parties *may* contract for a sale of the whole in any of the counties in which any part of the land lies." (Emphasis supplied.)

This Court has held that ▮▮ ▮ any portion of the statute, except that part which requires advertisement for three consecutive weeks preceding the sale, may be waived by the parties or may be changed by contract of

the parties. Brown v. British American Mortgage Co., 86 Miss. 388, 38 So. 312; Rawlings v. Anderson, 149 Miss. 632, 115 So. 714; Hamilton v. Federal Land Bank, 184 Miss. 878, 186 So. 832; Baker v. Connecticut General Life Insurance Company, 196 Miss. 701, 18 So. (2d) 438.

 In the absence of a contract to the contrary the quoted portion of the Code section absolutely requires that all lands sold under a deed of trust shall be sold in the county in which the land is located or in the county of the residence of the grantor or one of the grantors in the trust deed. In the instant case the parties specifically contracted that the Pike County land shall be sold in Pike County and the Walthall County land shall be sold in Walthall County. This is in accordance with the statute and only writes out of the statute that portion thereof which permits the sale to be made in the county of the residence of the grantor. They did not contract that all of the land could be sold in one of these counties, and, in the absence of such a provision, the trustee was powerless to sell the land in any manner other than that in which he did sell it. The effect of this is that the statute as well as the contract does authorize a sale by piecemeal to the extent of selling it in the two counties, and to that extent the lien is not entire and indivisible and could not be foreclosed in one proceeding in one county alone.

It is further argued in this connection that the whole property should have been advertised in both counties, in support of which appellant cites Connecticut General Life Insurance Company v. Lombard, Miss., 185 So. 260 and Cook v. Taylor, 200 Miss. 381, 27 So. (2d) 404. Those cases, however, involved an entirely different situation from that here presented. There the lands were situated in two counties and the parties had contracted, as the statute permits, that they could all be sold in one county, and the Court held that where a foreclosure was so conducted it was void unless the lands were advertised in both counties. There could be no confusion in such an

advertisement, because any prospective purchaser would be advised by the notice of sale that all of the lands would be sold at one place, and the Court held that the mortgagor was entitled to have prospective purchasers in both counties notified of the sale by due advertisement published in both counties. In those cases the parties to the deed of trust had made it entire and indivisible and had contracted that there should be only one sale and had specifically excluded a sale by piecemeal. ██ Here the parties had expressly provided for two separate sales, and an advertisement of each separate sale in the county where the lands were situated, without also advertising the sale to be held in the other county, fully complied with the contract of the parties and did not violate any provision of the Code relating to advertisement.

██ It is further contended by appellant that the foreclosure sales were void because it appears that the mortgagor, H. M. Lee, did not have any title whatever to one of the forty-acre subdivisions included in the deed of trust and sale, and that as to the remainder of the land he owned only an undivided one-half interest, while the deed of trust and trustee's deeds purported to convey the entire title to all of the lands therein described. This contention is wholly without merit. The deed of trust in this case warranted the full title to the land. A mortgagor and all persons in privity with him are estopped from denying the title which he purports to convey or encumber. 31 C. J. S., Estoppel, Section 14; Meyers v. American Oil Company, 192 Miss. 180, 186, 5 So. (2d) 218. ██ Where there is an error in the description of part of the property, and where the grantor purports to convey or encumber the full interest when he owns only an undivided interest, a sale of the property and interest mentioned in the deed of trust is not void but the purchaser takes only such property and interest as the mortgagor may own. Gaston v. Mitchell, 192 Miss. 452, 4 So. (2d) 892, 6 So. (2d) 318; Gulf Refining Company v. Har-

rison, 201 Miss. 294, 333-334, 28 So. (2d) 221, 30 So. (2d) 44.

The decree of the lower court is accordingly affirmed but without prejudice as to such interest, if any, as may have been owned by Mrs. H. M. Lee who did not join as a mortgagor in the deed of trust, which interest is not sought to be established in the bill of complaint now before us.

Affirmed.