148 So.2d 245

**Norman KOPLON et al., Pro ami, etc.**

**v.**

**Manuel KOPLON et al.**

**5 Div. 727.**

Supreme Court of Alabama.

Nov. 29, 1962.

Brown & McMillan, Opelika, for appellants.

L. J. Tyner, Opelika, for appellees.

PER CURIAM.

B. Koplon died on November 8, 1947, leaving a last will and testament, three pertinent provisions of which are as follows:

"Item 2. I give, devise and bequeath unto my wife, Sadie Koplon, for her lifetime, all of the real estate of which I shall die seized and possessed, or to which I may be entitled at the time of my death, to have and to hold to her during the term of her life, and the remainder therein I give and devise, in fee, to my children, Louis P. Koplon, Charlie M. Koplon, Minnye Koplon, Aby Koplon, Etta K. Greenspon, and Manuel Koplon, share and share alike.

"Item 3. I give and bequeath unto my wife, Sadie Koplon, absolutely, all of the personal property, of which I shall die seized and possessed, wherever located, to have and to hold unto her absolutely and in fee simple

"Item 4. I nominate and appoint as the sole executrix of this will my wife,

Sadie Koplon, and do hereby relieve and exempt her from making any bond or giving any security for the performance of her duties as such executrix, and relieve and exempt her from filing any inventory or appraisement or any returns to or settlements in any Court; and I give and grant unto her the unlimited power, in her capacity as such executrix, to sell, exchange or otherwise dispose of any property of which I may die seized and possessed, on such terms as she may agree to, publicly or privately, and with or without notice, as she may determine, and without order of any court; and I also give and grant unto her, as such executrix, the right and power to continue and carry on any business, including the mercantile business, of which I may die seized and possessed."

Surviving the decedent were his wife and the six children whose names appear in Item 4 of the will. The son, Louis Koplon, died intestate in January, 1952, leaving his wife, Sadie Koplon, remarried and now Mrs. Sadie Simon, and two minor children, Norman and Elaine.

Mrs. Sadie Koplon, widow of decedent, having qualified as executrix of her husband's estate, proceeded individually and in her fiduciary capacity on October 1, 1952, to convey by deed to Manuel and Aby Koplon a brick store and lot in the City of Opelika, Alabama, the property being a part of her deceased husband's estate. The deed recited a consideration of $10,000, to her in hand paid, and love and affection for the grantees. The deed referred to Item 4 of the will as her authority to convey in her fiduciary capacity.

The minors, Norman and Elaine Koplon, suing by their mother and next friend, Mrs. Sadie Simon, filed their complaint in the Circuit Court of Lee County, in equity seeking relief against respondents Manuel Koplon, Aby Koplon, and Mrs. Sadie Koplon, individually and in her capacity as executrix of her deceased husband's last will and testament.

The relief prayed for in the bill, as last amended, is as follows: (1) That the deed from Mrs. Sadie Koplon to her two sons be declared null and void and of no effect as to the fee simple title therein attempted to have been conveyed, except the life estate of the grantor; (2) to perpetually enjoin the executrix from making any deed seeking to convey fee simple title in any real estate owned by said B. Koplon at the time of his death and to which Mrs. Sadie Koplon, the executrix, was devised a life estate only; (3) that the court determine and set a reasonable attorneys' fee for services rendered complainants' attorneys in this matter; and (4) that if complainants are mistaken as to the authority of respondent executrix to sell the real estate that she be required to hold the proceeds of the sale only as life tenant, and upon her demise such proceeds "shall have" vested in the remaindermen of the real estate under the will of said B. Koplon, deceased.

Supportive of these objectives for relief, complainants, in their complaint, as amended, aver that the deed referred to above was an attempt on the part of the grantor to convey a greater interest than her life estate; that the deed was without valuable consideration; that it was not to the best interests of the estate of B. Koplon; was an attempt to deprive complainants of their remainder interests in said property according to the will of their grandfather; that the execution and delivery of said deed was a gross abuse of her discretion vested in her as executrix; and that the consideration of the deed was far less than the fair market value of their remainder interest; and that in making said deed, the respondent, Mrs. Sadie Koplon, as executrix, was guilty of gross abuse of discretion in carrying out the provisions of the will.

Further the complainants aver that the executory power granted in the will to dispose of the real estate did not confer on her the power to dispose of said real estate without valuable consideration, so as to defeat testator's devise of a remainder interest to testator's children.

The complaint also alleges complainants and their attorneys have made no agreement as to fees for services rendered and to be rendered in this cause.

It is to be noted that there was no charge in the complaint, as amended, that Mrs. Koplon, the respondent, in making the deed, was guilty of any fraud or a victim of undue influence on the part of the grantees in the deed or anyone else.

The answer of respondents, after admitting certain formal parts of the complaint, challenged the allegations of the complaint either by direct denial or by affirmative allegations that were essentially contradictory, and they denied complainants' right to relief prayed.

As we view the pleadings, the assignments of error and the arguments submitted in briefs filed with this court, there are three questions presented for determination in this appeal: (a) The validity of the deed from Mrs. Koplon, acting in her capacity as executrix, to her sons, Manuel and Aby Koplon; (b) the failure of the court permanently to enjoin the executrix, Mrs. Sadie Koplon, from making additional conveyances under the power of sale in the will; and (c) the failure of the trial court to allow a reasonable fee to the solicitors for complainants out of the estate of the deceased, B. Koplon. We will address these issues seratim:

A reasonable breakdown of the provisions and powers of Item 4 of the will may be stated as follows:

(1) Exempted the executrix from bond and making reports or settlements in any court.

(2) Gave the executrix, his wife, an unlimited power of sale to sell or dispose or exchange any of his property, including his real estate.

(3) Empowered the executrix to sell on such terms as she may agree to.

(4) Empowered the executrix to sell at either private or public sale.

(5) Authorized the executrix to sell with or without notice as she may determine and without the order of any court.

Counsel for appellants argue that in construing the will of testator, Mr. B. Koplon, "it is necessary to determine whether or not the power granted to the executrix is personal or an incident of the executorial office." Also, the brief states that "the trial court evidently found that the power was personal." Further, they contend the cases which they found are to the effect that there is a distinction between a personal power and one attaching to and granted in connection with the executorial office. Citing Dryer v. Crawford, 90 Ala. 131, 7 So. 445; Jemison v. Brasher, 202 Ala. 578, 81 So. 80.

As we interpret Dryer v. Crawford, supra, the power of sale given the wife in her executorial capacity did not enlarge her interest in the real property to the extent of embracing the interests of the children, thereby subjecting the whole to an execution issued to collect a judgment against the wife. Only the interest of the wife, it was held, was subject to the execution. We do not note any holding that the right of the executor to exercise the power of sale would be any different from the same rights granted an individual.

The distinction drawn in the Dryer case avoided the effect of Section 1325, Code of 1852, now Section 76, Title 47, Code of Alabama, 1940, reading as follows:

"When an absolute power of disposition, not accompanied by any trust, is given to the owner of a particular estate for life or years, such estate is changed into a fee absolute, as to the rights of creditors and purchasers, but subject to any future estates limited thereon, in case the power is not executed, or the lands sold for the satisfaction of debts, during the continuance of such particular estate."

Justice Store, in the case of Alford's Adm'r v. Alford's Adm'r., 56 Ala. 350, in construing the above statute, observed:

"* * * Where a life-estate is created, and an absolute power of disposition conferred on the life-tenant, this enlarges the life-estate into a fee; not absolutely, but in favor, and only in favor, of the creditors of, and the purchasers from the life-tenant. * * *"

Likewise, as in the case of Dryer v. Crawford, supra, testator B. Koplon, in giving his wife in her fiduciary capacity, unlimited power to sell the real property, avoided the effect of Section 76, Title 47, supra, as interpreted in Alford's Adm'r v. Alford's Adm'r, supra. By so doing, he defeated any subjection of the remaindermen's interest to the payment of his wife's debts in the operation of the mercantile business mentioned in the will. These remainder interests were thereby preserved.

We do not think that the distinction alluded to by appellants operates to impair or dilute the unlimited authority granted in the will empowering the executrix to sell the property. There are no limitations expressed to when and for what purposes the power may be exercised. What motivated the testator in giving this naked and unlimited power is conjectural and speculative. It is sufficient so far as this court is concerned that he granted the power, and in the absence of facts connected with the same which adversely and unlawfully affect the rights of the remaindermen under the will, we are not disposed to disturb the exercise of the power.

The evidence of respondents tended to show that prior to the sale the executrix, on advice of her attorney, had the property appraised; that the appraised value, determined by bankers and other witnesses familiar with the property and with a knowledge of real estate values in the local area, was on or about October 1, 1952, the date of the sale, approximately the sum of $15,500.00.

Acting after the appraisal, according to the tendency of the evidence, the executrix, in the exercise of the power of sale, sold

the property with the appraised value used as a basis. The purchasers, her two sons, according to the evidence adduced, gave the executrix their promissory notes in the sum of $7,500.00, bearing interest, maturing over a period of several years. These notes were subsequently paid.

The notes, according to witnesses, represented one-third of the appraised value plus an agreed sum for the widow's life estate. Two of the remaindermen subsequently deeded their interests in the store and lot to the grantees in the fiduciary conveyance. The notes embraced, but not exclusively, the pro rata share of complainants and one other remainderman.

While the consideration expressed in the deed was nominal and for love and affection for the grantees, the true consideration was properly allowed to be explained or shown by parol evidence. Burroughs v. Pate, 166 Ala. 223, 51 So. 978(3).

The will provides that the executrix may sell the property on such terms as she may agree. This provision would authorize the executrix to sell on time. Woodhouse v. Harrison, 168 Va. 574, 191 S.E. 776, 779; Federal Land Bank of New Orleans v. Miller, 199 Miss. 615, 25 So.2d 11(6).

Where the power of sale is exercised in good faith, without fraud or manifest abuse of discretion, the court will not interfere. Burton v. Jones, 212 Ala. 353, 102 So. 807(6).

No question is raised on this appeal about the disposition of the corpus of the purchase price belonging to the complainants in remainder. The trial court ordered it turned over to a designated trustee with directions for investment and payment of the income therefrom to the life-tenant, Mrs. Koplon.

Where witnesses testify orally before lower court in equity suit, as in this case, the decree of the lower court will not be disturbed unless palpably wrong. Cook v. Benton, 250 Ala. 259, 33 So.2d 877(3);

Jennings v. Jennings, 250 Ala. 130, 33 So. 2d 251(10).

We cannot say that the findings of the trial court in this case were palpably wrong; and under such circumstances, the decree of the lower court on its appraisal of the evidence will not be disturbed. Puckett v. Puckett, 240 Ala. 607, 200 So. 420(6).

The trial court determined that the litigation instituted by the complainants here was "antagonistic"; so he denied an attorneys' fee to complainants. An allowance of such a fee is within the sound discretion of the trial court and will not be disturbed except for an improper exercise of discretion. An "improper" exercise of discretion appears when the record, after indulging all fair intendments in favor of the ruling, discloses that the ruling was unjust and unfair. Otherwise, the action of the trial court, as here, will not be disturbed. Troy Bank & Trust Company v. Brantley, 263 Ala. 428, 82 So.2d 618.

Appellants state in their brief that if the conveyance from the executrix to the grantees is going to stand, then, of course, the injunction should not issue; that it was, and is, sought as relief ancillary to the principal relief sought. We pretermit any discussion of this phase of the relief, since affirmance of this case sustains the finding of the trial court that the deed was valid.

Complainants' assignments of error are without merit, this case is due to be affirmed, and it is so ordered.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by this court as its opinion.

Affirmed.

LIVINGSTON, C. J., and GOODWYN, MERRILL and COLEMAN, JJ., concur.